THE BLACKWELL DURHAM TOBACCO CO. v. J. H. McELWEE.

*Trade-Marks—Injunction—Pendency of Another Action.*

1. While the Court is slow to pass upon disputed issues upon *ex parte* affidavits, yet where, in a motion to continue a restraining order to the hearing, it appears that the injury sought to be enjoined, is continuous, and the damage very difficult of ascertainment, or when the damage is irreparable, the Court will act upon the proofs, and continue the restraining order, if an apparent case is made out, unless continuing the order to the hearing would work greater injury to the defendant than is reasonably necessary for the protection of the plaintiff.

2. In common injunctions, where proceedings at law are arrested by the injunction, the rule is to dissolve it, when the allegations in the complaint are fully and fairly denied by the answer ; but special injunctions, which are in aid of a suit pending, and whose object is to secure to the plaintiff the benefit of the action, will not be dissolved, when it appears to the Court, by affidavits or otherwise, that there is probable ground for the primary equity, and a reasonable apprehension of irreparable loss.

3. The answer under the present practice, in an application to vacate an injunction, is itself but an affidavit when verified, and the plaintiff may introduce other affidavits to support the allegations in his complaint.

4. Under the present practice, the answer is not, as it was formerly when responsive to the bill, and fair and frank in its statements, conclusive on the subject of the dissolution of an injunction, but only has the effect of an affidavit.

5. A defendant is not bound to plead a set-off or counter-claim, but may make it the subject of an independent action.

6. In order to support the defence of another action pending, the two actions must be between the same parties. So, where the defendant in one suit, is the plaintiff in another, in both of which actions the title to the same trade-mark is brought in question, the pleas of another action pending will not avail him in an action by the assignee of the defendant in the first suit in regard to the title of the same trade-mark.

7. *It seems*, that the name of a town or locality cannot be exclusively appropriated as a trade-mark.

(*Blackwell* v. *Wright*, 73 N. C., 310 ; *Heilig* v. *Stokes*, 63 N. C., 612 ; *Jarman* v. *Sanders*, 64 N. C., 367 ; *Dyche* v. *Patton*, 8 Ired. Eq., 295 ; *Capehart* v. *Mhoon*, Busb. Eq., 30 ; *Mimms* v. *McLean*, 6 Jones Eq., 200 ; *Jones* v. *McKenzie*, *Ibid.*, 203 ; *Perry* v. *Michaux*, 79 N. C., 94 ; *Blossom* v. *Van Amringe*, Phil. Eq., 133 ; *Howerton* v. *Sprague*, 64 N. C., 451 ; *Wilson* v. *Mace*, 2 Jones Eq., 5 ; *Williams* v. *Clause*, 91 N. C., 322 ; *Pendleton* v. *Dalton*, 92 N. C., 185, cited and approved).

Motion to dissolve a restraining order, theretofore granted in a CIVIL ACTION, pending in the Superior Court of DURHAM county,

heard before *Shepherd, Judge,* at Chambers, in Louisburg, on the 1st of May, 1885.

His Honor continued the injunction to the hearing, and the defendant appealed.

The facts appear in the opinion.

*Messrs. W. W. Fuller, John W. Graham* and *E. C. Smith,* (*Messrs. Thos. Ruffin, T. C. Fuller* and *Geo. H. Snow,* were with them on the brief,) for the plaintiff.

*Mr. John Devereux, Jr.,* (*Mr. Jos. B. Batchelor* was with him,) for the defendant.

SMITH, C. J. The present action, begun on April 11th, 1885, is prosecuted for the two-fold purpose of restraining the further use by the defendant of a trade mark or device, in which the plaintiff claims an exclusive proprietary right, upon packages and boxes of tobacco of defendant's own manufacture, and to recover damages for its past unauthorized use. The plaintiff's trade-mark, shown in an exhibit accompanying the complaint, is impressed upon smooth polished paper, of a peculiar color, in gilt letters, forming the sentence, "Genuine Durham Smoking Tobacco," the first two words above, and the last two below the picture, a side view of a full sized bull, and followed by the names of preceding manufacturers, to whom the plaintiff succeeds in the alleged right to the sole use of the label. The defendant uses a similar label, upon the same kind of paper, upon his own package of manufactured tobacco, bearing the words, "Genuine Ante-Bellum Durham Smoking Tobacco," with a like form of a bull, interposel between the words "Bellum" and "Durham," and separating them into lines above and below the figure, and followed by the defendant's name and place of business at "Statesville, N. C."

The essential similarity in the trade-marks and devices used by the contestant parties, clearly shows an invasion of the plaintiff's proprietary right, and this seems not to be controverted, if,

as alleged, by prior appropriation on the part of those from whom the plaintiff claims it, it is exclusive in them.

In *Blackwell* v. *Wright*, 73 N. C., 310, the plaintiff, a precedent claimant of the same trade-mark, prosecuted an action against the defendant for a similar alleged infringement in the use of the words, "The Original Durham Smoking Tobacco," with the representation of the head only, and not the full form, of some bovine animal  It was decided that the defendant had violated no right of the plaintiff's in using his peculiar label, and the Court said: "Nor can the word 'Durham,' the name of the town where both parties are doing business, be exclusively appropriated as a trade-mark.  The word 'genuine' is unlike the word 'original,' used by the defendant, and the words 'smoking tobacco,' a thing in general use by that name, of course is not pretended to be the subject of appropriation."

The opinion delivered by Mr. Justice BYNUM concludes as follows:

"To our mind, the plaintiff does not disclose a case which entitles him to injunctive relief, or to an action for damages.  The term 'Original Durham Smoking Tobacco.' seems a fair set-off to 'Genuine Durham Smoking Tobacco,' &c.

The infringement of the plaintiff's proprietary right, if any has been made, consists essentially in the appropriation by the defendant to his own use, of the figure of the bull, to which the description of the kind of goods, and the attached name of the manufacturer, are merely incidental.  Such seems to be the result of the ruling in the former suit, there being no such resemblance between the figure of the head or front part of the animal, and his full form, as was calculated to deceive a purchaser, and subtract from the sale of the plaintiff's own manufactured goods. The present defendant, unlike the defendant in the other case, exhibits upon his label the same full sized side view of the bull, and unless he has authority to do this, is invading the plaintiff's rights in the premises.  It is a very unsatisfactory way of settling a disputed fact, averred and denied in the pleadings, and

upon which the whole controversy depends, by the introduction of *ex parte* affidavits, upon a preliminary motion for a restraining order, instead of upon issues tried at the final hearing, upon evidence taken, and subject to cross examination, so often necessary in eliciting the whole truth of the matter. But when, as here, the injury is continuous, and the damage very difficult of estimate, if reparable when ascertained, it is the duty of the appellate Court to act upon the proofs adduced, and interpose for the plaintiff's protection, when an apparent case for relief is shown, unless in doing so the restrained party may be subject to greater damage than is reasonably necessary for the plaintiff's security. In this view, and upon examination of the evidence, it seems plain, that while the plaintiff has, the defendant has not, the right to the use of the trade-mark, in the sale of manufactured smoking tobacco, which each is engaged in selling, and that pending the action and before the final hearing, the defendant ought not to be allowed to use the figure of the bull, as he is now using it, upon his labels, on the plaintiff's giving an adequate undertaking, with sureties, for the defendant's indemnity against all losses in sales which he may sustain in consequence of the temporary injunction.

The appellant's exceptions, five in number, are as follows:

"1. That his Honor erred in granting the motion to continue the injunction, when defendant's answer was fair and candid, and in response to the complaint, and it unequivocally denied plaintiff's right and title to the exclusive use of the trade-mark from using which the defendant is restrained.

"2. His Honor erred, because the record of the suit in Iredell Superior Court, which is a part of the record in this case, shows that at the time of the bringing of this action, there was another action pending in Iredell Superior Court for the same cause of action, and in which plaintiff might have had this injunctive relief, if entitled to it.

"3. His Honor erred in hearing affidavits on the part of plaintiff to prove his title, when it was denied in the answer.

"4. His Honor erred in granting the continuance of the injunction, because it was a great and unreasonable hardship on defendant.

"5. Because any loss of plaintiff by defendant user of the trade-mark, even if wrongful, could be compensated in securing damages."

The proposition involved in the first exception, rests upon a misapprehension of the practice in equity. The distinction is overlooked, between common and special injunctions, which are explained in *Heilig* v. *Stokes*, 63 N. C., 612; *Jarman* v. *Sanders*, 64 N. C., 367, and numerous other cases. In the former class, when proceedings at law are arrested by an interlocutory restraining order, the rule was to dissolve the injunction when the plaintiff's allegations were fully and fairly denied, and this necessarily so, since in such case there is no evidence to sustain it. *Dyche* v. *Patton*, 8 Ired. Eq., 295; *Capehart* v. *Mhoon*, Busb. Eq., 30; *Mimms* v. *McLean*, 6 Jones' Eq., 200; *Jones* v. *McKenzie*, Ibid., 203; *Perry* v. *Michaux*, 79 N. C., 94.

But a special injunction in aid of a suit begun, and to secure to the plaintiff the full benefit of its successful prosecution, as contemplated in The Code, §334, *et seq.*, is allowed, "when it shall appear by the complaint, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or *continuance of some act*, the commission or continuance of which during the litigation, would produce injury to the plaintiff." §338, par. 1. And so it may be continued, when upon affidavits it is made to appear so to the Court, that there is probable cause in regard to the primary equity, and a reasonable apprehension of irreparable loss unless it remain in force. *Blossom* v. *Van Amringe*, Phill. Eq., 133.

The answer under the present practice, in an application to vacate or modify an injunction issued upon the complaint and its supporting affidavits, is itself but an affidavit when verified, and then the plaintiff may produce other proofs in support of the order—The Code, §344 and §345—and this presupposes ac-

tion on the part of the Judge, based upon the consideration of all the evidence. The answer is not now, as formerly, when responsive to the bill, and fair and frank in its statements, conclusive upon the question of a dissolution of the restraining order, but in the words of the statute, (§344), "A verified answer has the effect only of an affidavit." *Howerton* v. *Sprague*, 64 N. C., 451. So as to new matter in avoidance. *Wilson* v. *Mace*, 2 Jones, Eq., 5.

I. The next exception is, that the relief sought, could have been obtained in another precedent action, wherein the same controversy arises, and the relations of the litigant parties are reversed.

There is no obligation imposed upon the defendant to bring forward a set-off or defence to an action. He may make it the subject of an independent action of his own.

II. The parties to the actions are not the same.

The first is brought by the present defendant, McElwee, against three persons, William T. Blackwell, Julian S. Carr and J. R. Day, who, as parties to the firm of Wm. T. Blackwell & Co., are charged with infringing his right to use the same trade-mark, while the present suit is prosecuted by an incorporated company, which claims an exclusive property in the trademark, derived from the original owner, through the said Blackwell. There is then no former pending suit, which obstructs the prosecution of this. *Williams* v. *Clause*, 91 N. C., 322; *Pendleton* v. *Dalton*, 92 N. C., 185.

The remaining three exceptions are disposed of in what has already been said.

We by no means intend to interfere with the ultimate determination of the conflicting claims to the trade-mark upon the final hearing on the proofs. We only say, upon the *present* aspect of the case before us, there is reasonable ground for interposing to prevent the continued use of the trade-mark, until that issue is tried. Let this be certified.

No error.                                                    Affirmed.