W. N. WILLIAMS, Trustee, et al. v. S. A. B. WALKER et al.

*Interlocutory Orders—Appeal—Final Judgment.*

In an action to foreclose a mortgage, it appeared that the plaintiffs had
a lien upon the land specified, and the Court made an order direct-
ing that an account be taken to ascertain the balance of the debt
yet unpaid, and retaining the cause for further action: *Held*, that
the order was interlocutory, and appeal would not lie from it.

This was a CIVIL ACTION for the foreclosure of a mortgage,
tried at December Term, 1889, of CUMBERLAND Superior
Court, before *MacRae, J.*

The facts appear in the opinion.

*Messrs. H. McD. Robinson* and *Thos. H. Sutton*, for plaintiffs.
*Messrs. J. B. Batchelor, John Devereux, Jr.,* and *N. W. Ray,*
for defendants.

MERRIMON, C. J.: This case is intended to present several
very interesting questions which were argued elaborately by
counsel at the last term, but we are not at liberty to decide
them now, because the case is not properly in this Court
The counsel failed to direct our attention to the character of
the order appealed from, and we did not observe it until we
came to scrutinize the manuscript record. We may add, in
this connection, that the plaintiff cannot have benefit of his
exception presenting an important question argued, unless
he shall appeal at the proper time.

It appears that, upon the pleadings and facts found by the
jury, the Court below adjudged that the plaintiff had a lien
upon the land specified in the complaint to secure his debt,
and made an order directing that an account be taken to
ascertain the balance of his debt yet unpaid, and retaining

the case for further action.  The *feme* defendant excepted, and at once appealed to this Court.

Obviously, an appeal did not lie from such interlocutory order.  It would lie only from the final judgment.  *Blackwell* v. *McCaine*, 105 N. C, 460, and cases there cited.

The appeal must be dismissed.  It is so ordered. .