SHANKLE v. WHITLEY.

(Filed October 21, 1902.)

1. APPEALS—*Premature—References—Account.*

   Where, upon issues found by a jury, it is necessary to have an
   account taken, and an order of reference is made, an appeal
   therefrom is premature if taken before final judgment.

2. COUNTER-CLAIM—*Judgment—Estoppel.*

   The failure to set up a counter-claim existing at the time of a
   former suit does not estop the defendant to set it up in a
   subsequent suit between the same parties.

DOUGLAS, J., dissenting.

ACTION by S. L. Shankle, administratrix of W. L. Shankle,
against G. A. Whitley, heard by Judge *Thomas A. McNeill*
and a jury, at April Term, 1902, of the Superior Court of
RICHMOND County.   From a judgment for the defendant, the
plaintiff appealed.

*Jas. A. Lockhart,* for the plaintiff.
*Morrison & Whitlock,* for the defendant.

CLARK, J.   Upon the issues found by the jury, it was nec-
essary to have an account taken, and the cause was referred
to a referee to state the account.   It was premature to appeal
before the final judgment upon the coming in of the report.
*Blackwell v. McCain,* 105 N. C., 460, and numerous cases
there cited.   The plaintiff should have merely entered his
exception at this stage.   *Williams v. Walker,* 107 N. C., 334.

A distinction must be noted between those cases in which the
plea in bar is sustained, or overruled, as a matter of law by
the Judge, whereupon the party may appeal at once if he so
elect (*Roysler v. Wright,* 118 N. C., at page 155, and cases
there cited; *Smith v. Goldsboro,* 121 N. C., 350), and cases

like this, where the issues arising upon the pleadings have been found by the jury and the reference is afterwards made to state an account, or ascertain some incidental matter, which becomes necessary before final judgment upon the hearing. Even in the first class of cases, it is optional to note an exception or appeal at once.    *Kerr v. Hicks,* at this term.

It may not be improper to say, as the case was fully discussed on the merits, that the defendant was not estopped to set up his counter-claim in this action, because he might, if he had chosen, have pleaded it in a former action against him by the plaintiff, brought for a different cause of action. The pleading of a counter-claim is optional.    *Woody v. Jordan,* 69 N. C., 189; *Tobacco Co. v. McElwee,* 94 N. C., 425.

Appeal Dismissed.

DOUGLAS, J., dissenting.    I do not think the appeal is premature.