MAUNEY v. HAMILTON

(Filed April 14, 1903 )

JUDGMENTS — *Counter Claim—Foreclosure of Mortgages — Estoppel — Equitable Defenses.*

A judgment in an action for the balance due on a mortgage note after sale under the power given in the mortgage, the defendant having failed to plead as a counter claim the purchase by the mortgagee, does not estop the mortgagor from pleading this counterclaim in a subsequent action.

ACTION by V. Mauney against E. B. Hamilton and others, heard by Judge *Walter H. Neal,* and a jury, at December Term, 1902, of the Superior Court of STANLY County. From a judgment for the defendant, but from a refusal to submit issues to his counterclaim, he appealed.

*Montgomery & Crowell,* for the plaintiff.
*J. M. Brown, Adams, Jerome & Armfield,* and *R. E. Austin,* for the defendants.

CONNOR, J. In this action the defendant E. B. Hamilton in his answer alleged, by way of equitable counterclaim upon

which he asked for affirmative relief, that the debt claimed against him, to-wit, the judgment for $180.00 is the balance of a note given to the plaintiff by said Hamilton for $400.00 which was secured by a mortgage containing a power of sale on certain real estate therein described; that the mortgage has never been foreclosed; that the plaintiff pretended to sell the land under his mortgage but that said sale was only colorable; that the plaintiff bid off and bought the land at his own sale through and by his son-in-law J. M. Badgett; that the land did not bring a fair price and was really worth at that time more than the amount due on the note, and that said pretended sale should be set aside and a resale ordered to the end that the whole of the plaintiff's original debt with interest be paid, and that the plaintiff be required to account for the rents and profits on said land. The land was bid off by said Badgett for $285.00, leaving a balance on the said note of $400.00 including interest of $180.00, upon which the plaintiff obtained judgment as set forth in the complaint.

The defendant further alleged that the plaintiff has since the said pretended sale conveyed the said land to I. W. Snuggs; that said conveyance to Snuggs, as defendant is informed and believes was made with full knowledge on the part of Snuggs of the circumstances under which the plaintiff purchased the property and with a distinct agreement that, if the plaintiff should be declared to be still the mortgagee, the said deed should be considered void and that no title should vest in the grantee; that if said Snuggs did not take the said deed with knowledge of the facts herein alleged, then the defendant alleges that the plaintiff is responsible to him for the full value of the land and for such rents as he may have received or ought to have received. The defendant upon said equitable counterclaim tendered the following issues:

1. Did the plaintiff Mauney at the sale of the house and

lot, for which the note and mortgage mentioned in the pleadings were given, become the purchaser of said property either directly or indirectly?

2. What is the value of the said house and lot mentioned in the pleadings?

3. What is the annual rental of the said house and lot?

The court refused to submit the issues tendered by the defendant E. B. Hamilton and he excepted.

At the close of the evidence the court held that the justice's judgment in the case of *V. Mauney v. E. B. Hamilton* was *res judicata* and constituted an estoppel against the defendant E. B. Hamilton to plead that the plaintiff purchased the mortgaged property at his own sale. The defendant excepted.

His Honor erred in refusing to submit the issue raised by the defendant's answer in respect to the foreclosure of the mortgage and the alleged circumstances attending the purchase by the plaintiff. The issue was raised by the answer, and the defendant Hamilton was entitled to have it passed upon by the jury. It may be that, as the facts set out in the answer in respect to this phase of the controversy constituted an equitable counter-claim upon which the defendant Hamilton asked for affirmative relief in the absence of a reply thereto by the plaintiff, the defendant was entitled to judgment for want of an answer, but as no motion was made therefor and as he treated the matter as being denied under The Code, the question is not presented for our consideration. We think that his Honor erred in holding that the Justice's judgment recovered by the plaintiff against the defendant Hamilton, for the $180.00, estopped the defendant from setting up his alleged equitable rights under the mortgage and sale made thereunder. The only matter decided by the court in that case was that the land had been sold for $285.00, which being applied to the note for $400.00 left a balance of

$180.00. Whether the defendant Hamilton could have set up his equitable defense in that action is not by any means clear. The facts relied upon by the defendant would not have sustained a plea of payment in the action upon the balance due upon the note. It could only have been used, if at all, in the nature of a defense or counterclaim. It is well settled that he was not required to do so in that action.

Smith, C. J., in *Blackwell M'f'g Co. v. McElwee,* 94 N. C., 425, says: "There is no obligation imposed upon the defendant to bring forward a set-off or defense to an action. He may make it the subject of an independent action of his own."

In *Woody v. Jordan,* 69 N. C., 189, Rodman J., says: "It is not a general rule that a defendant is obliged to assert a set off or counterclaim in an action against him whenever he may do so. If he does plead a counterclaim, he cannot during the pendency of that action have a separate action upon it, and he is bound by any adjudication on it. But he is not bound by the plaintiff's recovery as to any set off or counterclaim which he did not plead." See also *Jones v. Beaman,* 117 N. C., 259; *Tyler v. Capehart,* 125 N. C., 64; *Shankle v. Whitley,* 131 N. C., 168.

We do not pass upon the question whether there was any evidence to sustain the defendant Hamilton's contention. It may be that if the issues had been submitted he could have produced other testimony. We are of the opinion that he was entitled to have the issues submitted and that the judgment was not an estoppel upon him in respect thereto. For the error in his Honor's ruling in respect to these questions there must be a

New Trial.