JEANNE WEISS, Plaintiff, *v.* FREDERICK C. WEISS, Defendant.

Supreme Court, New York County, December 9, 1929.

*House, Grossman & Vorhaus* [*David Vorhaus* of counsel], for the plaintiff.

*William Klein,* for the defendant.

FRANKENTHALER, J. Section 1168 of the Civil Practice Act permits the defendant in a separation action to counterclaim for divorce. (See *Rolle* v. *Rolle,* 201 App. Div. 698.) The fact that the adultery relied on did not occur until after the commencement of the action should not alter the situation and make it necessary for the defendant to commence a separate action. In *Otto* v. *Otto* (220 App. Div. 130) a plaintiff was permitted to serve a

supplemental complaint setting up acts of adultery on the part of the defendant which occurred after the original complaint was served, the court saying (at p. 132): " No good reason appears why the plaintiff, if she desires to rely for her cause of action upon acts committed by defendant since the commencement of the action, should be compelled to discontinue and bring a new action where she could allege such subsequent misconduct. Such circumlocution is uncalled for and under the present liberalized practice we regard as unnecessary. The decree should speak as of the time of its rendition."

In *Blanc* v. *Blanc* (67 Hun, 384) it was held that a defendant in a divorce action could properly be permitted to serve a supplemental answer setting up as a defense and as a counterclaim adulteries alleged to have been committed by the plaintiff after the beginning of the action.

In *Ames* v. *Ames* (109 Misc. 161) similar relief was granted to the defendant in a separation action. It follows that the defendant here should be permitted to serve a supplemental answer setting up a counterclaim for adultery. Defendant seeks also to vacate an order heretofore made awarding to the plaintiff temporary alimony and a counsel fee. The plaintiff makes no attempt to deny the charge that she committed adultery and she offers no *competent* evidence in support of her claim that the defendant was also guilty of adultery. It would seem, therefore, that no probability of success on the part of the plaintiff has been established. The probabilities are exactly the reverse. In the circumstances the order granting temporary alimony and a counsel fee will be vacated and the custody of the child awarded to the defendant. The undertaking filed on the appeal from the order granting alimony will be canceled. Settle order.