were submitted to the jury, who found that the plaintiffs were not injured by actionable negligence on the part of Ingram and Carroll, or of either of them. Judgment was entered on the verdict exonerating Ingram and Carroll, and the plaintiffs excepted and appealed, assigning errors.

*John T. Manning and Egbert L. Haywood for plaintiffs, appellants.*
*Spears & Hall for the defendant, John T. Ingram, Jr., appellee.*
*T. Lacy Williams and Fuller, Reade, Umstead & Fuller for defendant, Bernard Carroll, appellee.*

PER CURIAM. A careful consideration of the record and case on appeal leaves us with the firm conviction that the trial in the court below conformed to all applicable legal principles. As no error in law appears, the verdict and judgment must be upheld. The question of the liability of Sanders to the plaintiffs was not at issue on the trial, and in consequence the judgment does not preclude the plaintiffs from suing Sanders in case they desire to do so.

No error.

---

L. C. BROTHERS, JR., v. BELL BAKERIES, INC., AND E. L. RIGSBEE.

(Filed 3 February, 1950.)

**Abatement and Revival § 9—**

The pendency of an action involving the respective liabilities of three parties to a collision *inter se*, precludes a subsequent action by one of defendants therein against the other two parties based on the same collision, and the second action is properly abated upon answer alleging the facts.

APPEAL by plaintiff from *Burney, J.,* at October Term, 1949, of GRANVILLE.

Civil action to recover for personal injuries and property damage, which the plaintiff alleges he sustained as a result of the negligence of the defendants.

1. The negligence complained of, the plaintiff alleges, caused a collision on 6 August, 1948, on U. S. Highway No. 15, in Granville County, between a motor vehicle operated by the plaintiff, L. C. Brothers, Jr., and a motor vehicle owned by the defendant, Bell Bakeries, Inc., in the possession and under the control of one of its employees.

2. According to plaintiff's complaint, the motor vehicle of the defendant, Bell Bakeries, Inc., and a motor vehicle owned and operated at the

BROTHERS *v.* BAKERIES.

time by E. L. Rigsbee, were stopped or parked near each other, headed in opposite directions, on the aforesaid highway, so as to block the paved portion thereof.

3. The plaintiff, according to the allegations in his complaint, ran his car into the rear of the motor vehicle of Bell Bakeries, Inc., sustaining substantial injuries and damage.

4. On 29 September, 1948, Bell Bakeries, Inc., instituted an action in the Superior Court of Wake County, entitled "Bell Bakeries, Inc. *v.* L. C. Brothers," seeking to recover for its alleged property damage resulting from the above collision. In this action the defendant, L. C. Brothers (the plaintiff herein), filed an answer in which he denied liability and impleaded E. L. Rigsbee, alleging that if he, Brothers, was negligent, Rigsbee was also negligent, and that Rigsbee should be made a codefendant with Brothers, so that Brothers might have the benefit of contribution from Rigsbee in case of any recovery by the plaintiff, Bell Bakeries, Inc. Accordingly, E. L. Rigsbee was made a party defendant, and served with summons on 14 February, 1949.

5. The plaintiff herein instituted this action in Granville County, on 4 April, 1949.

6. The Bell Bakeries, Inc., filed an answer and pleaded the prior pending action in Wake County as a bar to the right of the plaintiff to maintain this action. In support of its plea and motion to dismiss, when the matter came on for hearing, it offered certified copies of the summonses, pleadings and the various motions and orders on file in the action pending between the parties in Wake County.

The motion was allowed and the action abated and dismissed as to Bell Bakeries, Inc.

Plaintiff appeals and assigns error.

*Royster & Royster for plaintiff.*
*Bickett & Banks for defendants.*


PER CURIAM. The ruling of the court below is in accord with the recent decision of this Court in the case of *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892, and the authorities cited therein.

The judgment entered below is
Affirmed.