BRUCE B. CAMERON v. MARY VAIL CAMERON.

(Filed 1 February, 1952.)

**1. Abatement and Revival § 5½—**

The pendency of an action in a court of competent jurisdiction abates a subsequent action between the same parties for the same cause either in the same court or in another court of the State having like jurisdiction.

**2. Abatement and Revival § 9—**

Where the same plaintiff brings both actions against the same defendant, or where the parties are reversed in the second action but the plaintiff in the second action as defendant in the first actually pleads a counterclaim, the test for determining the identity of the actions for the purpose of abatement is whether there is a substantial identity as to parties, subject matter, issues involved, and relief demanded.

**3. Same—**

Where the parties in a second action appear in reverse order and plaintiff in the second action as defendant in the first does not plead a counterclaim, the first action will not abate the second even though plaintiff in the second action could obtain the same relief by counterclaim in the prior action unless judgment in the prior action would necessarily adjudicate the matters raised in the second and operate as a bar to it.

**4. Pleadings § 10—**

A defendant cannot be compelled to file a counterclaim in plaintiff's suit, but may in his election reserve such matter for a future independent action unless the claim is essentially a part of the original action and will necessarily be adjudicated in it.

**5. Divorce and Alimony § 5e—**

Defendant in an action for divorce, either absolute or from bed and board, may set up a cross action for divorce, either absolute or from bed and board, as a counterclaim or cross demand, and such counterclaim or cross demand may be based, in whole or in part, upon facts occurring after institution of the action.

**6. Pleadings § 10—**

It is not required that a counterclaim be based on matters existing at the time of the commencement of the action except when arising out of contract. G.S. 1-137.

**7. Divorce and Alimony § 1b—**

In a wife's action for divorce from bed and board on the ground of abandonment, G.S. 50-7 (1), she must prove as an essential part of her case that her husband had willfully abandoned her.

**8. Divorce and Alimony § 2a—**

While it is not required that the husband in an action for divorce on the ground of two years separation be the injured party, the law will not permit him to take advantage of his own wrong, and the wife may defeat his action by showing as an affirmative defense that the separation was due to the husband's willful abandonment of her. G.S. 50-6.

**9. Same: Abatement and Revival § 9—**

The prior institution by the wife of an action for divorce from bed and board on the ground of abandonment abates the husband's subsequent action for absolute divorce on the ground of separation, since adjudication in the first action that the husband had willfully abandoned her would bar his action for divorce on the ground of separation.

**10. Divorce and Alimony § 5e: Pleadings § 22b—**

A husband will be allowed to amend his answer in his wife's action for divorce from bed and board to permit him to set up a cross action for divorce on the ground of separation so as to enable the parties to end the controversy in one and the same litigation.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Parker, J.,* at the March Term, 1951, of the Superior Court of NEW HANOVER County.

Civil action in which the defendant pleads the pendency of a prior action between the parties in abatement of the present action.

For convenience of narration, the plaintiff, Bruce B. Cameron, is called Cameron, and the defendant, Mary Vail Cameron, is designated as Mrs. Cameron.

Stripped of all non-essentials, the facts are as follows:

1. The parties, who are husband and wife, maintained their matrimonial domicile in New Hanover County, North Carolina, until 31 August, 1948, when they separated. They have lived separate and apart since that time.

2. Soon thereafter, to wit, on December 23, 1948, Mrs. Cameron, claiming to be the injured party, sued Cameron for a divorce from bed and board under G.S. 50-7 (1) upon the ground that Cameron had abandoned her. This action, which has been heard on appeal on two occasions, is still pending undetermined in the Superior Court of Sampson County, North Carolina. *Cameron v. Cameron*, 232 N.C. 686, 61 S.E. 2d 913, and 231 N.C. 123, 56 S.E. 2d 384. Cameron has filed an answer therein alleging that Mrs. Cameron was to blame for the separation of the parties.

3. On 5 December, 1950, Cameron brought the present action against Mrs. Cameron in the Superior Court of New Hanover County, North Carolina, alleging that the parties have lived separate and apart since 31 August, 1948, and seeking an absolute divorce under G.S. 50-6 upon the ground of two years' separation. Mrs. Cameron answered, alleging that the separation of the parties had been caused by the act of Cameron in wrongfully abandoning her, pleading the pendency of the prior action in Sampson County in abatement of the present action, and praying judgment sustaining her plea in abatement and dismissing the present action. Cameron filed a reply in which he admitted the pendency of the Sampson County action, but denied it was sufficient in law to work an abatement of the present action.

4. When the present action was heard in the court below, the presiding judge entered a judgment overruling the plea in abatement and refusing to dismiss the action, and Mrs. Cameron appealed, assigning such judgment as error.

*Stevens, Burgwin & McGee and Howard H. Hubbard for plaintiff Bruce B. Cameron, appellee.*

*Butler & Butler and Welch Jordan for defendant Mary Vail Cameron, appellant.*

ERVIN, J. The appeal presents this question for decision: Does the pendency of a prior action by the wife for a divorce from bed and board upon the ground of abandonment abate a subsequent action by the husband for an absolute divorce upon the ground of two years' separation?

The pendency of a prior action between the same parties for the same cause in a State court of competent jurisdiction works in abatement of a subsequent action either in the same court or in another court of the State having like jurisdiction. *Seawell v. Purvis*, 232 N.C. 194, 59 S.E. 2d

CAMERON v. CAMERON.

572; *Taylor v. Schaub,* 225 N.C. 134, 33 S.E. 2d 658; *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690; *Brown v. Polk,* 201 N.C. 375, 160 S.E. 357; *Bank v. Broadhurst,* 197 N.C. 365, 148 S.E. 452; *Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 686; 64 A.L.R. 656; *Morrison v. Lewis,* 197 N.C. 79, 147 S.E. 729; *Bradshaw v. Bank,* 175 N.C. 21, 94 S.E. 674; *Pettigrew v. McCoin,* 165 N.C. 472, 81 S.E. 701, 52 L.R.A. (N.S.) 79; *McNeill v. Currie,* 117 N.C. 341, 23 S.E. 216; *Long v. Jarratt,* 94 N.C. 443; *Smith v. Moore,* 79 N.C. 82; *Claywell v. Sudderth,* 77 N.C. 287; *Harris v. Johnson,* 65 N.C. 478. It is immaterial that the parties, plaintiff and defendant, are reversed in the two actions. *Brothers v. Bakeries,* 231 N.C. 428, 57 S.E. 2d 317; *Crouse v. York,* 192 N.C. 824, 135 S.E. 451; *Emry v. Chappell,* 148 N.C. 327, 62 S.E. 411.

The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded? *Whitehurst v. Hinton,* 230 N.C. 16, 51 S.E. 2d 899; *Lumber Co. v. Wilson,* 222 N.C. 87, 21 S.E. 2d 893; *Redfearn v. Austin,* 88 N.C. 413; *Casey v. Harrison,* 13 N.C. 244. This test lends itself to ready application where both actions are brought by the same plaintiff against the same defendant, or where the plaintiff in the second action, as defendant in the first, has actually pleaded a counterclaim or cross demand for the same cause of action.

The ordinary test of identity of parties and causes is not appropriate, however, when the parties to the prior action appear in the subsequent action in reverse order, and the plaintiff in the second action, as defendant in the first, has failed to plead a counterclaim or cross demand for the same cause of action. Under the law, a defendant, who has a claim available by way of counterclaim or cross demand, has an election to plead it as such in the original action, or to reserve it for a future independent action, unless the claim is essentially a part of the original action and will necessarily be adjudicated by the judgment in it. *Bell v. Machine Co.,* 150 N.C. 111, 63 S.E. 680; *Shakespeare v. Land Co.,* 144 N.C. 516, 57 S.E. 213; *Mauney v. Hamilton,* 132 N.C. 303, 43 S.E. 903; *Shankle v. Whitley,* 131 N.C. 168, 42 S.E. 574. As a consequence, the general rule is that a subsequent action is not abatable on the ground that the plaintiff therein might obtain the same relief by a counterclaim or cross demand in a prior action pending against him. *Trust Co. v. McKinne,* 179 N.C. 328, 102 S.E. 385; *Blackwell Mfg. Co. v. McElwee,* 94 N.C. 425; *Woody v. Jordan,* 69 N.C. 189.

In the very nature of things, however, this general rule is not applicable where the cause of action asserted by plaintiff in the second action is essentially a part of the first action and will necessarily be adjudicated by the judgment in it. 1 C.J.S., Abatement and Revival,

section 43 C. For these reasons, the law devises a special test of identity of parties and causes where the parties to the prior action appear in the subsequent action in reverse order and the plaintiff in the second action, as defendant in the first, has failed to plead a counterclaim or cross demand for the same cause of action. In such case, the pendency of the prior action abates the subsequent action when, and only when, these two conditions concur: (1) The plaintiff in the second action can obtain the same relief by a counterclaim or cross demand in the prior action pending against him; and (2) a judgment on the merits in favor of the opposing party in the prior action will operate as a bar to the plaintiff's prosecution of the subsequent action. *Brothers v. Bakeries, supra; Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641; *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892; *Johnson v. Smith,* 215 N.C. 322, 1 S.E. 2d 834; *Allen v. Salley,* 179 N.C. 147, 101 S.E. 545; *Emry v. Chappell, supra; Alexander v. Norwood,* 118 N.C. 381, 24 S.E. 119; *Gray v. A. & N. C. R. R. Co.,* 77 N.C. 299.

These things being true, the primary question raised by the appeal necessarily embraces the subsidiary inquiries whether Cameron can obtain the relief sought by him in the subsequent action in New Hanover County by a counterclaim or cross demand in the prior action pending against him in Sampson County, and whether a judgment on the merits in favor of Mrs. Cameron in the prior action in Sampson County will operate as a bar to Cameron's prosecution of the subsequent action in New Hanover County.

It is well settled that in an action for divorce, either absolute or from bed and board, it is permissible for the defendant to set up a cause of action for divorce, either absolute or from bed and board, as a counterclaim or cross demand. *Lockhart v. Lockhart,* 223 N.C. 559, 27 S.E. 2d 444; *Shore v. Shore,* 220 N.C. 802, 18 S.E. 2d 353; *Ellis v. Ellis,* 190 N.C. 418, 130 S.E. 7. Such counterclaim or cross demand may even be based, in whole or in part, upon facts occurring after the institution of the action. *Pettigrew v. Pettigrew,* 172 Ark. 647, 291 S.W. 90; *Von Bernuth v. Von Bernuth,* 76 N.J. Eq. 487, 74 A. 700, 139 Am. S. R. 784; *Weiss v. Weiss,* 135 Misc. 264, 238 N.Y.S. 36; *Ames v. Ames,* 109 Misc. 161, 178 N.Y.S. 177; *Roberts v. Roberts,* 99 W. Va. 204, 128 S.E. 144; *Martin v. Martin,* 33 W. Va. 695, 11 S.E. 12; *Heinemann v. Heinemann,* 202 Wis. 639, 233 N.W. 552. This is true because the statute does not require that a counterclaim must be one existing at the commencement of the plaintiff's action except in the case of a counterclaim arising out of contract. G.S. 1-137; *Smith v. French,* 141 N.C. 1, 53 S.E. 435; McIntosh: North Carolina Practice and Procedure in Civil Cases, Section 467. Hence, Cameron can obtain the relief sought by him in the present action by a counterclaim or cross demand in the prior action pending against him in Sampson County.

CAMERON *v.* CAMERON.

Where the wife sues the husband for a divorce from bed and board upon the ground of abandonment under G.S. 50-7 (1), she must prove as an essential part of her case that her husband has wilfully abandoned her. *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909. Where the husband sues the wife for an absolute divorce upon the ground of two years' separation under G.S. 50-6, he is not required to establish as a constituent element of his cause of action that he is the injured party. *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492. Nevertheless, the law will not permit him to take advantage of his own wrong. Consequently, the wife may defeat the husband's action for an absolute divorce under G.S. 50-6 by showing as an affirmative defense that the separation of the parties has been occasioned by the act of the husband in wilfully abandoning her. *Taylor v. Taylor, supra; Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471; *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466; *Reynolds v. Reynolds,* 208 N.C. 428, 181 S.E. 338. It follows that a judgment on the merits in favor of Mrs. Cameron in the prior action in Sampson County will operate as a bar to Cameron's prosecution of the subsequent action in New Hanover County. Such judgment will necessarily adjudicate that Cameron has wilfully abandoned Mrs. Cameron.

The conclusion that the pendency of the prior action in Sampson County abates the subsequent action in New Hanover County seems at first blush to be inconsistent with the decision of a divided court in *Cook v. Cook,* 159 N.C. 46, 74 S.E. 639, 40 L.R.A. (N.S.) 83, Ann. Cas. 1914 A, 1137, where the husband unsuccessfully pleaded the pendency of his prior action for an absolute divorce on the ground of separation for ten successive years in abatement of his wife's subsequent action for a divorce from bed and board on the ground of wilful abandonment. The supposed inconsistency is apparent and not real. This becomes plain on consideration of later litigation between the same parties reported in *Cooke v. Cooke,* 164 N.C. 272, 80 S.E. 178, 49 L.R.A. (N.S.) 1034. The majority held that there was no abatement in the *Cook case* because the substantive law governing the grounds of divorce made the issues in the one case utterly irrelevant to the issues in the other. This holding was a perfectly sound deduction from the premise accepted by the majority, *i.e.,* that the statute invoked by the husband permitted an absolute divorce on the ground of separation for ten successive years irrespective of whether the party seeking the divorce or the other party was to blame for the separation. The validity of the reasoning of the majority respecting the question of abatement has not been impaired by the fact that the court subsequently rejected their premise by holding that an action for an absolute divorce on the ground of separation for ten successive years could only be brought by the injured party. *Lee v. Lee,* 182 N.C. 61, 108 S.E. 352; *Sanderson v. Sanderson,* 178 N.C. 339, 100 S.E. 590.

If he so desires, Cameron can apply for leave to set up his alleged cause of action for divorce as a counterclaim or cross demand in the action pending against him in the Superior Court of Sampson County. Such leave would undoubtedly be granted for "right and justice require that an amendment be allowed which will enable the parties to end the . . . controversy in one and the same litigation." *Smith v. French, supra.*

For the reasons given, the judgment overruling the plea in abatement and refusing to dismiss the action is

Reversed.

JOHNSON, J., took no part in the consideration or decision of this case.