IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-737

Filed 5 March 2025

Brunswick County, No. 23JT000017

IN THE MATTER OF: S.W.

Appeal by guardian ad litem from orders entered 16 May 2024 by Judge Pauline Hankins in Brunswick County District Court. Heard in the Court of Appeals 12 February 2025.

*Administrative Office of the Courts, by GAL Appellate Counsel Matthew D. Wunsche, and GAL Staff Attorney Hope Connie Wertz, for appellant guardian ad litem.*

*No brief filed for petitioner-appellee.*

*No brief filed for respondents-appellees.*

FLOOD, Judge.

The guardian ad litem (the "GAL") appeals from the trial court's orders denying the GAL's: motion to dismiss Petitioner's petition to terminate Respondent-Mother's parental rights (the "Petition"), motion to transfer venue, and motion to hold the matter in abeyance. On appeal, the GAL argues: (A) the trial court erred in denying the GAL's motion to dismiss the Petition and motion to hold the matter in abeyance, because Cumberland County maintains exclusive, continuing jurisdiction, and the prior pending action doctrine prevents the Brunswick County trial court (the

"Brunswick court") from hearing the Petition; and (B) the trial court abused its discretion in failing to transfer venue from Brunswick to Cumberland County. Upon review, we conclude the Brunswick court did not err in denying the GAL's motion to dismiss the Petition and motion to hold the matter in abeyance, because Brunswick County properly has jurisdiction over the termination action, and the prior pending action doctrine is inapplicable. We further conclude the Brunswick court did not abuse its discretion in denying the GAL's motion to transfer venue because the Brunswick court was not required to make statutory findings.

## I. **Factual and Procedural Background**

On 4 December 2017, Cumberland County Department of Social Services ("DSS") filed a petition alleging the minor child, S.W. ("Sutton"),[1] was neglected and dependent, and that same day, Sutton was placed in DSS custody. On 6 March 2018, the Cumberland County district court (the "Cumberland court") entered an order adjudicating Sutton a dependent juvenile.

On 15 March 2019, the Cumberland court placed Sutton in the custody and guardianship of Sutton's paternal grandmother. On 27 January 2022, the paternal grandmother filed a motion for review, seeking to dissolve the guardianship and have Petitioner, Sutton's "godmother," be granted guardianship of Sutton. In an order entered 7 June 2022 (the "June 2022 Order"), the Cumberland court appointed

---

[1] A pseudonym is used to protect the juvenile's identity, pursuant to N.C.R. App. P. 42(b).

Petitioner as Sutton's guardian. The Cumberland court waived further review hearings but retained jurisdiction.

On 9 February 2023, Petitioner filed, in the Brunswick court, the first petition to terminate Respondent-Mother's and Respondent-Father's (collectively, "Respondent-Parents") parental rights in Sutton (the "First Petition"). On 28 August 2023, Respondent-Mother filed a motion to dismiss the First Petition based on a lack of subject matter jurisdiction and improper venue, arguing in relevant part that the June 2022 Order did not terminate the proceedings or transfer jurisdiction to the Brunswick court.[2]

On 11 October 2024, the Brunswick court entered an order denying Respondent-Mother's motion to dismiss the First Petition, finding in relevant part that: Respondent-Parents were properly served with the First Petition; at the time the First Petition was filed, Sutton lived in Brunswick County; Brunswick County had proper subject matter jurisdiction; and Brunswick County was the proper venue for the termination action. On 21 November 2023, DSS filed a motion with the Brunswick court to intervene and change venue to Cumberland County. DSS argued, in relevant part, that there was a pending action pre-existing the First Petition in the

---

[2] On 6 September 2023, Respondent-Mother filed a motion for review with the Cumberland court, seeking to modify visitation with Sutton, and on 10 October 2023, filed an amended motion for review with the Cumberland court, alleging Petitioner had misled the trial court and she was not fit to be Sutton's guardian, and requested the guardianship be dissolved. The matter was heard on 7 October 2024, but no written order had been entered by the time the GAL's brief was filed, and no written order is contained in the Record on appeal.

Cumberland court over which Cumberland County had jurisdiction, and Petitioner had misinformed the Brunswick court in her First Petition that no other custody order regarding Sutton existed.

The next day, on 22 November 2023, the GAL filed motions with the Brunswick court to be appointed as representative of Sutton, and to consolidate the existing Cumberland court case and the Brunswick court termination action to be heard in the Cumberland court. The GAL argued, in relevant part, that Cumberland County had retained jurisdiction, and no party had sought to transfer jurisdiction or venue. On 13 December 2023, the GAL filed a Rule 60 motion seeking relief from the Brunswick court's denial of Respondent-Mother's motion to dismiss the First Petition.

On 18 December 2023, Petitioner: filed motions to dismiss DSS's motion to change venue and motion to intervene, the GAL's motion to consolidate, and the Rule 60 motion; and filed an amended petition, acknowledging the Cumberland court case concerning her guardianship of Sutton. On 16 January 2024, the GAL was appointed to represent Sutton in the Brunswick court termination action. Subsequently, on 18 January 2024, the GAL filed a motion to change venue to Cumberland County, and filed another Rule 60 motion.

On 7 February 2024, Petitioner took "a voluntary dismissal without prejudice of" the First Petition, and that same day, filed the Petition, which also acknowledged the Cumberland County proceedings. On 20 March 2024, Respondent-Mother filed a motion to dismiss the Petition, and the GAL filed a motion to dismiss the Petition

and motion to transfer venue. In their motions, both parties reiterated their prior arguments as to subject matter jurisdiction and venue that they had made in response to the First Petition.

The Brunswick court held a hearing on the motions on 27 March 2024. The GAL argued, in relevant part, that: jurisdiction over the prior pending child welfare action in Cumberland County had not been terminated, which deprived the Brunswick court of jurisdiction to hear the termination petition; it was in Sutton's best interests to hear the case in Cumberland County; and travel from Cumberland County to Brunswick County would be inconvenient.[3] The GAL requested the Brunswick court hold the termination action in abeyance due to the prior pending action doctrine. In response, Petitioner argued that: guardians frequently move to terminate parental rights in counties other than the county where guardianship is awarded, and it was in Sutton's best interests to hear the termination action in Brunswick County because "[a]ll of the witnesses, all of the individuals that actually have anything to do with" Sutton lived in Brunswick County.

On 16 May 2024, the Brunswick court entered orders denying the GAL's motions to dismiss, transfer venue, and hold the matter in abeyance; and denying Respondent-Mother's motion to dismiss. The GAL timely appealed.

---

[3] Respondent-Mother argued that the Petition failed to recognize the Cumberland court case was still pending, and that the law did not allow a private party to file a termination petition in one county while a child welfare case was pending in another county.

- 5 -

## II. <u>Jurisdiction</u>

As a preliminary matter, the orders from which the appeal is taken are interlocutory, because the orders were "made during the pendency of an action and d[id] not dispose of the case, but instead l[eft] it for further action by the trial court in order to settle and determine the entire controversy[.]" *Carriker v. Carriker*, 350 N.C. 71, 73 (1999). "As a general proposition, there is no right of immediate appeal from interlocutory orders and judgments." *Jesse v. Jesse*, 212 N.C. App. 426, 431 (2011) (citation and internal quotation marks omitted).

> A trial court's refusal to abate an action based upon the prior pending action doctrine is . . . immediately appealable. On the other hand, a trial court order's refusal to dismiss a complaint for lack of subject matter jurisdiction is not subject to appellate review on an interlocutory basis as a matter of right.

*Id.* at 431.

Here, "given the necessity for us to address the 'prior pending action' issue on the merits[,]" and "given the interrelated nature" of the GAL's challenges to the trial court's orders, this Court elects to treat the Record on appeal and the GAL's brief as a petition for writ of certiorari with respect to the exclusive jurisdiction issue "in order to reach the merits of [Petitioners'] challenges to the trial court's order[s,]" and will address Petitioners' claims on the merits. *See id.* at 431.

## III. <u>Analysis</u>

On appeal, the GAL argues: (A) the trial court erred in denying the GAL's motion to dismiss the Petition and motion to hold the matter in abeyance, because Cumberland County maintains exclusive, continuing jurisdiction, and the prior pending action doctrine prevents the Brunswick court from hearing the Petition; and (B) the trial court abused its discretion in failing to transfer venue from Brunswick to Cumberland County. We address each argument, in turn.

**A. Motion to Dismiss**

The GAL first argues the Brunswick court erred in denying its motion to dismiss and motion to hold the matter in abeyance because the Cumberland court retains exclusive, continuing jurisdiction under the Juvenile Code, and the prior pending action doctrine prevents the Brunswick court from hearing the Petition. We disagree.

"A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Kemp v. Spivey*, 166 N.C. App. 456, 461 (2004) (citation omitted). "[T]his Court reviews *de novo* whether, as a matter of law, the allegations of the complaint are sufficient to state a claim upon which relief may be granted." *Lovett v. Univ. Place Owner's Ass'n*, 285 N.C. App. 366, 368 (2022) (citation omitted) (cleaned up). "This Court considers the allegations in the complaint as true, construes the complaint liberally, and only reverses the trial court's denial of a motion to dismiss if the plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." *Id.* at 368 (citation omitted) (cleaned up).

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511 (2010). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Kassel v. Rienth*, 289 N.C. App. 173, 183 (2023) (citation and internal quotation marks omitted). We first consider the GAL's argument that the Cumberland court retains exclusive, continuing jurisdiction.

1. Exclusive District Court Jurisdiction

Under Chapter 7B of the Juvenile Code, the trial court "has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent." N.C.G.S. § 7B-200(a) (2023). Such "jurisdiction shall continue until terminated by order of the court or until the juvenile reaches the age of 18 years or is otherwise emancipated, whichever occurs first." N.C.G.S. § 7B-201(a) (2023). Separate and apart from these provisions, the trial court also has "exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in . . . the district at the time of filing of the petition or motion." N.C.G.S. § 7B-1101 (2023); *see also In re O.E.M.*, 379 N.C. 27, 35 (2021) ("A petitioner or movant must satisfy distinct requirements to vest a trial court with jurisdiction to conduct a juvenile proceeding on the one hand and a termination proceeding on the other.").

Our Supreme Court, in recent opinions, has provided that a trial court's jurisdiction over abuse, neglect, or dependency proceedings is distinct from a trial

court's jurisdiction over termination of parental rights proceedings. In *In re A.L.L.*, after the Davidson County trial court entered an order adjudicating the minor child a dependent juvenile, the Davidson County trial court appointed the petitioners as the minor child's legal guardians. 376 N.C. 99, 102–03 (2020). The petitioners thereafter "filed a petition seeking to terminate [the] respondent's parental rights in [the trial court.]" *Id.* at 103. On appeal, the respondent-parents argued that the trial court lacked subject matter jurisdiction over the termination of parental rights case, where the Davidson County trial court had previously entered an order establishing the petitioners as the minor child's guardians. *Id.* at 103. Our Supreme Court rejected the respondent-parents' arguments, holding that the requirements of N.C.G.S. § 7B-1101 were satisfied, such that subject matter jurisdiction over the termination of parental rights case was conferred to the trial court. *Id.* at 105. The Court explained that "although the Juvenile Code permits [the] petitioners to seek termination in the same district court that is simultaneously adjudicating an underlying abuse, neglect, or dependency petition, the statutory language does not mandate filing in a single court." *Id.* at 105. The Court then explained that "if the requirements of N.C.G.S. § 7B-1101 have been met in one county, then a district court in that county has jurisdiction, even if an abuse, neglect, or dependency action *is pending in another county*." *Id.* at 105 (emphasis added).

Our Supreme Court reached an identical result in *In re M.J.M.* 378 N.C. 477 (2021). Relying on its reasoning in *In re A.L.L.*, the Court concluded that: where a

termination of parental rights petition was filed in Robeson County, while Wake County "obtained and retained" jurisdiction over the underlying juvenile case, "the requirements of N.C.G.S. § 7B-1101 were satisfied so as to confer jurisdiction over the termination petition in the [d]istrict [c]ourt in Robeson County." *See In re M.J.M.*, 378 N.C. at 479–81. Finally, in *In re O.E.M.*, our Supreme Court reiterated that a trial court's "jurisdiction does not continue from the underlying juvenile proceeding to a subsequent termination proceeding." 379 N.C. at 37. The Court provided, in relevant part, that "[t]here is nothing anomalous about requiring a party to establish that the trial court possessed jurisdiction to conduct a termination proceeding even when the court previously had jurisdiction to conduct a juvenile proceeding—it is simply what our juvenile code requires." *Id.* at 37.

Here, the facts are analogous to those in *In re A.L.L.* Just like in *In re A.L.L.*, where an abuse, neglect, or dependency action was pending in one county and the petition to terminate parental rights was filed in another county, Petitioner was granted custody of Sutton in Cumberland County, where Sutton's underlying juvenile case is pending, and the Petition was filed in a different county, Brunswick County. 376 N.C. at 102–03. Further, just like in *In re A.L.L.*, the jurisdictional requirements of N.C.G.S. § 7B-1101 were met for Brunswick County to obtain jurisdiction over the Petition.[4] *Id.* at 105; s*ee also* N.C.G.S. § 7B-1101. Just as our Supreme Court

---

[4] Brunswick County's jurisdiction over the Petition, pursuant to N.C.G.S. § 7B-1101, is not contested on appeal.

explained that, so long as the requirements of N.C.G.S. §7B-1101 are satisfied, "a district court in that county has jurisdiction, even if an abuse, neglect, or dependency action *is pending in another county*[,]" so here does Brunswick County have jurisdiction over the Petition, even though the underlying juvenile case is pending in Cumberland County. *See In re A.L.L.*, 376 N.C. at 105 (emphasis added); *see also In re M.J.M.*, 378 N.C. at 479–81.

The GAL, however, cites *McMillan v. McMillan*, 267 N.C. App. 537 (2019), to argue that Brunswick County lacks jurisdiction to hear the Petition because the Cumberland court was required to terminate its jurisdiction under N.C.G.S. §§ 7B-200 and 7B-201(a). The GAL's reliance on *McMillan* is misplaced. In *McMillan*, the issue concerned whether the trial court had jurisdiction over a civil child custody action under Chapter 50 where there was a pending neglect proceeding under Chapter 7B. *Id.* at 542–43. This Court concluded that where the trial court retained jurisdiction over a neglect proceeding, it would need to either terminate jurisdiction under N.C.G.S. § 7B-201, or transfer the Chapter 7B action to a Chapter 50 action under N.C.G.S. § 7B-911, because child custody actions are automatically stayed when there is a pending Chapter 7B juvenile case. *See id.* at 543–46; *see also* N.C.G.S. § 7B-200(c)(1); N.C.G.S. §§ 50-13.1(i), 7B-911(a) (2023) ("Upon placing custody with a parent or other appropriate person, the court shall determine whether or not jurisdiction in the juvenile proceeding should be terminated and custody of the juvenile awarded to a parent or other appropriate person pursuant to [Chapter 50].").

Here, unlike in *McMillan*, both the underlying juvenile case and the Petition involve different jurisdictional statutes under Chapter 7B, and do not involve a child custody action under Chapter 50. 267 N.C. App. at 542–43; *see also* N.C.G.S. §§ 7B-200, -1101. As our Supreme Court has established, jurisdiction for the underlying juvenile case is distinct from jurisdiction for the Petition; thus, even had the Petition been filed in the Cumberland court, jurisdiction to hear the Petition would have to have been established separately under N.C.G.S. § 7B-1101. *See In re O.E.M.*, 379 N.C. at 35, 37; *see also* N.C.G.S. §§ 7B-200, -1101; *In re A.L.L.*, 376 N.C. at 105 ("[A] trial court lacks jurisdiction over a termination petition if the requirements of N.C.G.S. § 7B-1101 have not been met, even if there is an underlying abuse, neglect, or dependency action concerning that juvenile in the district in which the termination petition has been filed."). Because the Petition does not involve a Chapter 50 child custody case, there is nothing contradictory in Cumberland County having jurisdiction over the underlying juvenile case while Brunswick County has jurisdiction over the termination action. *See In re A.L.L.*, 376 N.C. at 105. The Cumberland court therefore did not have "exclusive, original jurisdiction" over the termination action stemming from the Petition. *See* N.C.G.S. § 7B-200(a).

### 2. Prior Pending Action Doctrine

"Under the law of this state, where a prior action is pending between the same parties for the same subject matter in a court within the state having like jurisdiction, the prior action serves to abate the subsequent action." *Eways v. Governor's*

*Island,* 326 N.C. 552, 558 (1990). "The ordinary test for determining whether or not the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Cameron v. Cameron,* 235 N.C. 82, 84 (1952); *see also Jesse*, 212 N.C. App. at 438.

Here, there is no basis for requiring the Brunswick court to abate the termination of parental rights case under the prior pending action doctrine. The subject matter and issues are completely different: the underlying juvenile case in Cumberland County involves questions of guardianship for Sutton, while the termination of parental rights case in Brunswick County involves the question of termination of Respondent-Parents' parental rights. Likewise, the relief demanded is distinct. The relief demanded under the underlying juvenile case involves only who will be the appointed guardian of Sutton; the relief demanded under the Petition involves the termination of all of Respondent-Parents' parental rights in Sutton. Because the subject matter, issues involved, and relief demanded in each action are distinct, the prior pending action doctrine does not serve to abate the termination of parental rights action. *See Cameron,* 235 N.C. at 84; *see also Eways,* 326 N.C. at 558.

Accordingly, because Cumberland County does not have "exclusive, original jurisdiction" over the termination action in Brunswick County, and the prior pending action doctrine is inapplicable under these facts, the trial court did not err in denying

the GAL's motion to dismiss the Petition.  *See* N.C.G.S. § 7B-200(a); *see also In re A.L.L.*, 376 N.C. at 105; *Cameron,* 235 N.C. at 84.

## B. Motion to Transfer Venue

The GAL next argues the Brunswick court abused its discretion in denying its motion to transfer venue because the Brunswick court did not consider the required statutory factors to transfer venue.  We disagree.

"Whether to transfer venue . . . is a matter firmly within the discretion of the trial court and will not be overturned unless the court manifestly abused that discretion."  *Smith v. Barbour*, 154 N.C. App. 402, 407 (2002) (citation omitted); *see also Godley Constr. Co. v. McDaniel,* 40 N.C. App. 605, 607 (1979).

The Juvenile Code provides that:

> At any time after adjudication, the court on its own motion or motion of any party may transfer venue to a different county, regardless of whether the action could have been commenced in that county, if the court finds that the forum is inconvenient, that transfer of the action to the other county is in the best interest of the juvenile, and that the rights of the parties are not prejudiced by the change of venue.

N.C.G.S. § 7B-900.1(a) (2023).  Similarly, under our Civil Procedure statutes, venue may be changed "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change."  N.C.G.S. § 1-83(2) (2023).  In light of these requirements, an abuse of discretion occurs when "the ends of justice will not merely be promoted by, but in addition demand, the change of venue[,]" or a "failure to grant

the change of venue will deny the movant a fair trial." *See Godley Constr. Co.,* 40 N.C. App. at 608–09 (citing N.C.G.S. §§ 1-84, -85 (2023)).

Here, regardless of whether the post-adjudication transfer of venue provision under our Juvenile Code, or the venue transfer provision under our general statutes, is binding, there is no showing that the "ends of justice . . . demand" a change of venue, nor that a failure to grant the change of venue will deny the GAL a fair trial. *See id.* at 608–09. The GAL's concerns about travel from Cumberland County to Brunswick County being inconvenient do not rise to the level that the "ends of justice . . . demand[ing]" a change of venue, nor is there any indication such inconvenience will deny the GAL a fair trial. *See id.* at 608–09. Further, the trial court's findings that Sutton had lived in Brunswick County for at least two years prior to the Petition, where all of the witnesses resided, and where the trial court could "hear from who's been involved in this child's life in the last two years[,]" supports that the trial court's denial of the GAL's motion to transfer venue does not rise to an abuse of discretion. *See Smith,* 154 N.C. App. at 407.

On appeal, the GAL argues that the Brunswick court did not consider the factors under N.C.G.S. § 7B-900.1(a) as to "whether the forum was inconvenient, whether transfer of the action to the other county was in [] Sutton's best interest, and whether the rights of the parties would not be prejudiced by the change of venue[,]" and did not consider any of the factors under N.C.G.S. § 1-83(2). Under N.C.G.S. § 7B-900.1(a), however, the trial court must make certain findings only if it decides to

transfer venue, and not when it denies a motion to transfer venue. *See* N.C.G.S. § 7B-900.1(a). Similarly, N.C.G.S. § 1-83(2) provides for those instances when the trial court "may" change venue, but does not provide for what the trial court must consider when denying a motion to transfer venue. *See* N.C.G.S. § 1-83(2). The GAL's argument, therefore, is without merit.

Accordingly, because there is no showing the "ends of justice . . . demand" a change of venue, nor that a failure to grant the change of venue will deny the GAL a fair trial, and the Brunswick court was not required to make statutory findings, the Brunswick court did not abuse its discretion in denying the GAL's motion to transfer venue. *See Godley Constr. Co.*, 40 N.C. App. at 608–09; *see also Smith*, 154 N.C. App. at 407. We therefore affirm the Brunswick court's orders.

## IV. <u>Conclusion</u>

Upon review, we conclude the Brunswick court did not err in denying the GAL's motion to dismiss the Petition and motion to hold the matter in abeyance, because Brunswick County properly has jurisdiction over the termination action, and the prior pending action doctrine is inapplicable. We further conclude the Brunswick court did not abuse its discretion in denying the GAL's motion to transfer venue because the Brunswick court was not required to make statutory findings. Accordingly, we affirm the Brunswick court's order.

AFFIRMED.

Chief Judge DILLON and Judge COLLINS concur.