JENNIE E. BEESON v. ELMER BEESON.

(Filed 22 May, 1957.)

1. **Divorce and Alimony § 14—**

The 1955 amendment to G.S. 50-16 merely gives a wife the right to set up a cross-action for alimony without divorce in the husband's suit for divorce, either absolute or from bed and board, without disturbing the right of the wife to bring an independent action under the statute for alimony without divorce, the alternate procedure being permissive but not mandatory.

2. **Abatement and Revival § 8—**

The pendency of the husband's action for absolute divorce under G.S. 50-6 is not ground for abatement of the wife's subsequent action for alimony without divorce under G.S. 50-16.

APPEAL by plaintiff from *Rousseau, J.,* at March 1957 Term of GUILFORD (Greensboro Division).

Civil action instituted 15 December, 1956, in High Point Municipal Court for alimony without divorce under provisions of G.S. 50-16.

Defendant, answering, admits allegations of the complaint as to residence and marriage, and that no children were born of the marriage. And for a further defense defendant pleads in bar of this action the pendency at the time of its institution of an action brought by him in Superior Court of Randolph County on 25 October, 1956, for absolute divorce on the ground of two years separation.

Upon hearing on 29 December, 1956, the Judge of the Municipal Court of the city of High Point found as facts:

That on 25 October, 1956, defendant, Elmer Beeson, instituted a civil action for divorce under G.S. 50-6 against plaintiff herein, Jennie E. Beeson, in Superior Court of Randolph County, and summons and copy of complaint therein were served upon Jennie E. Beeson on 29

October, 1956, and that on 3 November, 1956, she filed an answer in said divorce action, and that said action was instituted prior to the commencement of this action brought under G.S. 50-16, and is still pending. And thereupon said judge being of opinion that the civil action for divorce instituted in Randolph County does not abate this action for alimony filed by the plaintiff, ordered that defendant's plea in abatement "be not allowed."

Defendant excepted thereto and appealed to Superior Court of Guilford County.

Thereafter the cause coming on for hearing on such appeal, and being heard before judge holding the courts of the Eighteenth Judicial District, the judge found facts in the main substantially as found by the judge of the Municipal Court, but, being of opinion that the action pending in Randolph County abates this action, the judge, by order, so adjudged, and dismissed this action.

Plaintiff excepted thereto, and appeals to Supreme Court and assigns error.

*J. V. Morgan and Edward N. Post for Plaintiff Appellant.*
*Coltrane & Gavin for Defendant Appellee.*

WINBORNE, C. J. This is the question determinative of this appeal: Where a husband has instituted an action against his wife for absolute divorce on legal ground, under G.S. 50-6, is an action thereafter instituted by the wife against the husband for alimony without divorce under provisions of G.S. 50-16 abatable by reason of the pendency of the prior action by the husband?

A negative answer is found in the language of G.S. 50-16, as amended by Chapter 814 of 1955 Session Laws of North Carolina. Prior to the enactment of the amendment G.S. 50-16, formerly C.S. 1667, provided in pertinent part that "if any husband shall separate himself from his wife and fail to provide her . . . with the necessary subsistence according to his means and condition in life . . . the wife may institute an action in the Superior Court of the county in which the cause of action arose to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of the husband . . ."

As so worded this Court uniformly held that alimony without divorce under the statute, G.S. 50-16, formerly C.S. 1667, could be granted only in an independent suit. See among other cases *Silver v. Silver* (1941), 220 N.C. 191, 16 S.E. 2d 834; *Shore v. Shore* (1942), 220 N.C. 802, 18 S.E. 2d 353.

In the *Shore case, supra,* this Court concluded with this declaration: "Here we are dealing with an act of Assembly complete within itself, which is not to be set at naught by simple device of pleading."

And the amendment of 1955, inserted in the statute G.S. 50-16, after the quoted portion recited, this clause: "Or she may set up such action as a cross-action in any suit for divorce, either absolute or from bed and board . . . and the husband may seek a decree for divorce, either absolute or from bed and board, in any action brought by his wife under this section."

It seems clear from the language used in this amendment that the General Assembly intended, without disturbing the right of the wife to an independent action, to give to her an alternative method of procedure which she might use at her election. The alternate is permissive, but not mandatory. And the statute is still complete in itself and is not to be set at naught by simple device of pleading.

The judgment abating the action is
Reversed.