**JEPCO CORP., Plaintiff,**

v.

**Michael A. GREENE, Jane Richard Sportswear, Inc., and Irene Greene, Defendants.**

**FASHION DEMONSTRATIONS, INC., Plaintiff,**

v.

**JEPCO CORPORATION and Erwin Jackman, Defendants.**

United States District Court
S. D. New York.
March 6, 1959.

Harry Price, New York City, for Jepco Corp.

Charles Sonnenreich, New York City, for Michael A. Greene, Jane Richard Sportswear, Inc., and Fashion Demonstrations, Inc.

SUGARMAN, District Judge.

This decision is dispositive of Motions 116 and 18 on the Motion Calendar of February 19, 1959.

On September 25, 1956, Design Patents 178833 and 178834 were issued to Irene Greene. On January 2, 1958, Irene Greene assigned these design patents to Jane Richard Sportswear, Inc. On January 9, 1958, Jane Richard Sportswear, Inc. assigned said two design patents and another (Design Patent 181792, issued December 24, 1957) to Fashion Demonstrations, Inc. On January 22, 1958, the assignment of Design Patents 178833 and 178834 by Irene Greene to Jane Richard Sportswear, Inc., dated January 2, 1958, as aforesaid, was recorded in the United States Patent Office.

On December 30, 1958, Fashion Demonstrations, Inc. filed a complaint in this court against Jepco Corporation and Erwin Jackman for infringement of Design Patents 178833 and 178834 and for unfair competition, which action received Index No. 141–208.

On January 5, 1959, Jepco Corporation filed a complaint in this court against Michael A. Greene, Jane Richard Sportswear, Inc., Irene Greene and Nancy Richbourg, which action received Index No. 141–241.

On January 6, 1959, Jepco Corporation amended its complaint in 141–241 by dropping the defendant Nancy Richbourg. It also sought a declaratory judgment that Design Patents 178833 and 178834 were invalid and not infringed, an injunction restraining the defendants therein named from continuing certain acts alleged to be to the plaintiff's detriment, and for other relief.

On January 9, 1959, the United States Marshal served the defendant Jepco Corporation in 141–208.

On January 28, 1959, the assignment of January 9, 1958 by Jane Richard Sportswear, Inc. to Fashion Demonstrations, Inc. was received by the United States Patent Office for filing.

On February 6, 1959, the United States Marshal served Michael A. Greene and Jane Richard Sportswear, Inc. in 141–241.

On February 19, 1959, there came on for argument two motions, to wit, (1) a motion by defendants Michael A. Greene and Jane Richard Sportswear, Inc. "for an order dismissing the amended complaint [in 141–241] with costs and counsel fees pursuant to Rules 12 and 17, upon the grounds that there has been a failure to join the indispensable party Fashion Demonstrations, Inc. who owns the patents in suit; [and] to dismiss the cause of action against the defendants for unfair competition on the ground that this Court has no jurisdiction over the same, the parties all being residents of the City and State of New York * * *" (Motion No. 18), and (2) a motion by Jepco Corporation "for an order dismissing the complaint [in 141–208] with costs and counsel fees pursuant to Rules 12 and 17, upon the grounds that there has been a failure to join the indispensable parties who actually own and control the patents in suit and since the suit is not being prosecuted in the name of the real party in interest and for the further reason that the complaint fails to state a claim on which relief may be granted * * *" (Motion No. 116).

Jepco Corporation's motion (No. 116) to dismiss Fashion Demonstrations, Inc.'s complaint in 141–208 for "failure to join the indispensable parties who actually own and control the patents in suit" is assumed by the court as it is by their attorney in his brief to refer to Michael A. Greene, Jane Richard Sportswear, Inc. and Irene Greene. When Fashion Demonstrations, Inc. filed its complaint against Jepco Corporation and Erwin Jackman (who has not apparently been served in this suit) it owned the patents in suit by assignment thereof to it on January 9, 1958 although it did not offer that assignment for recording in the Patent Office until almost a month, to wit, January 28, 1959, after it commenced its suit.

■ Since the recording statute [1] attained its present form an infringer of a patent may not question an assignee's title merely because there has been no record of the assignment.[2]

■ The benefits of the recording statute are intended for those mentioned therein, i. e., any subsequent purchaser or mortgagee for a valuable consideration without notice. An infringer is not within the protected class and may not challenge the validity as to him of an unrecorded assignment.

■ Jepco Corporation's motion (No. 116) to dismiss Fashion Demonstrations, Inc.'s complaint in 141–208 is denied.

■ Michael A. Greene's and Jane Richard Sportswear, Inc.'s motion (No. 18) is to dismiss Jepco Corporation's amended complaint in 141–241 for "failure to join the indispensable party Fashion Demonstrations, Inc." Whatever prompted Jepco Corporation to seek, by this separate suit (141–241), relief which it should have sought by counterclaim [3] in Fashion Demonstrations, Inc.'s earlier suit in this court against Jepco Corporation (141–208) is obscure. By the earlier suit Jepco Corporation was put on notice of Fashion Demonstrations, Inc.'s claim of title to the two patents at issue. It should have counterclaimed in the earlier suit against Fashion Demonstrations, Inc. for the relief addressed to a declaration of validity of the patents. It could have added other parties

1. 35 U.S.C.A. § 261.

2. John Tuman & Sons, Inc. v. Basse, 2 Cir., 1940, 113 F.2d 928; cf. S. R. Leon, Inc. v. Parfums Schiaparelli, Inc., D.C. S.D.N.Y.1940, 35 F.Supp. 641.

3. F.R.Civ.P. 13(a) and (h), 28 U.S.C.A.

for any relief sought against them. By Fashion Demonstrations, Inc. having commenced the first of the two suits here involved, whatever advantages it feels accrued to it by virtue of that priority should be preserved under the circumstances presented here.

Accordingly, Michael A. Greene's and Jane Richard Sportswear, Inc.'s motion (No. 18) to dismiss Jepco Corporation's complaint in 141–241 is granted but upon condition that Jepco Corporation shall assert any affirmative claim against Fashion Demonstrations, Inc., or any other party by amending its answer in Fashion Demonstrations, Inc.'s pending suit against Jepco Corporation, 141–208, within twenty days from the entry of this decision and order.

It is so ordered.