**LEONARD F. FELLMAN CO., Inc.**

v.

**SMITH–CORONA MARCHANT INC.**

**Civ. A. No. 28538.**

United States District Court
E. D. Pennsylvania.

March 7, 1961.

Harry Norman Ball, Philadelphia, Pa., for plaintiff.

LaBrum & Doak, by James B. Doak, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This motion calls for an interpretation of Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C. relating to counterclaims. Plaintiff here, Fellman, was sued in the State Court of New York by defendant here, Smith-Corona, prior to the institution of this action. Fellman caused the State action to be removed to the United States Court for the Northern District of New York and before filing an answer in the Federal Court, brought this action against Smith-Corona in the United States Court for the Eastern District of Pennsylvania. That Fellman's complaint here raised issues identical to those in the New York action is not seriously questioned. Under Rule 13, it was incumbent upon Fellman to next file a counterclaim against Smith-Corona in the New York action, which it did, seeking the same relief there as is sought in the complaint filed in this jurisdiction. We, therefore, have a situation where the identical facts and issues are raised

in the United States District Court for the Northern District of New York by complaint and counterclaim and here by complaint and counterclaim.

Smith-Corona, the original plaintiff and now the defendant, argues that since Fellman was compelled to assert by counterclaim its right to relief against Smith-Corona in the New York action under the mandate of Rule 13(a) of the Federal Rules of Civil Procedure, the obvious result is that the action instituted here was improper and, therefore, the complaint should be dismissed. In other words, when a claim must be asserted by way of counterclaim, Smith-Corona argues that it may not be re-asserted by way of a complaint brought in another jurisdiction.

▆▆▆ Keeping in mind one of the basic objectives of the Federal Rules, namely, to secure simple, speedy adjudication of claims without multiplicity of suits, this argument by Smith-Corona is reasonable.[1] However, we are unaware of any authority, nor have we been shown any, in support of the proposition that the proper remedy for the situation is a dismissal of the complaint. Fellman points out that no one would be prejudiced by a stay of the action in this District pending the outcome of the suit in New York. We agree. There is an additional factor to be considered. Fellman contested the jurisdiction of the United States District Court in New York (notwithstanding the removal of the action to that Court on Fellman's own motion), and after an adverse ruling, has indicated a desire to appeal. Should Fellman be successful on appeal, it would be advantageous to both parties to have the present action here in an advanced position for disposition.

For the foregoing reasons, the motion of the defendant to dismiss the above-captioned matter is hereby denied. The motion of the defendant to stay is hereby granted.

---

1. See Moore's Federal Practice, Volume 3, page 38, particularly footnote 9a.