ELEASE AUTRY FULLWOOD v. JOHN WARREN FULLWOOD, JR.
AND
JOHN WARREN FULLWOOD, JR. v. ELEASE AUTRY FULLWOOD.

(Filed 24 May, 1967.)

**1. Divorce and Alimony § 16—**

The wife's action for alimony without divorce, G.S. 50-16, does not abate upon the husband's subsequent institution of an action for absolute divorce, and upon determination of the issues in favor of the wife on conflicting evidence in her action for alimony, the award of alimony after investigation and findings of fact with respect to the financial conditions of both parties, will not be disturbed in the absence of error of law.

**2. Divorce and Alimony § 13; Abatement and Revival § 18—**

After institution by the wife of an action for alimony without divorce the husband instituted an action for absolute divorce on the ground of separation. *Held:* The issues involved and the relief demanded in the respective actions are not the same, and the wife's plea in abatement in the husband's subsequent action for absolute divorce is properly denied.

**3. Divorce and Alimony § 16— Decree for divorce may be held in abeyance pending determination of wife's action for alimony.**

The wife's action for alimony without divorce and the husband's subsequent action for absolute divorce on the ground of separation were consolidated for trial by the consent of the parties. Judgment for alimony was entered upon the verdict of the jury in that action in favor of the wife. The court refused to enter judgment in the divorce action on the verdict of the jury in favor of the husband in view of the husband's appeal from the order awarding alimony. *Held:* It is not error for the court to have refused to sign the divorce decree until the determination of the appeal in the action for alimony, so as to prevent a defeat of the wife's right to alimony in the event decree of divorce should first be entered.

APPEAL by John Warren Fullwood, Jr. from *Carr, J.,* December, 1966 Regular Civil Session, BRUNSWICK Superior Court.

The pleadings and the evidence disclose that John Warren Fullwood, Jr., then age 25, and Elease Autry, then age 39, were married on November 18, 1955. They separated on May 18, 1965. There were no children born of the marriage which was the first for John Warren Fullwood, Jr. but the second for Elease Autry.

On March 8, 1966, Elease Autry Fulwood instituted an action for alimony without divorce under G.S. 50-16, alleging the husband abandoned her without providing her sufficient support according to his means. On March 19, 1966 Judge Mallard entered an order that the defendant pay $10 per week *pendente lite.* On March 21, 1966 the defendant filed answer, admitting the marriage and the separation as alleged in the complaint, but denying he caused or provoked the separation and alleging it was without fault on his part. By

court leave, he amended his answer by alleging the plaintiff ran him off from the home with this admonition: ". . . 'to get the hell out of this home and to stay out' ".

On May 25, 1966 the plaintiff, John Warren Fullwood, Jr., instituted an action against Elease Autry Fullwood for absolute divorce on the ground of one year's separation. The wife, defendant in the divorce action, filed an answer and plea in abatement on the ground the husband should have set up his cause of action in the alimony proceeding. The husband filed a plea in abatement alleging the divorce action superseded the alimony proceeding. Judge Carr overruled both pleas in abatement and by consent of the parties consolidated the two actions for trial.

In the wife's suit for alimony, the jury returned this verdict:

"1.  Were the plaintiff and the defendant married to each other, as alleged in the Complaint? ANSWER: Yes.
2.  Has the defendant separated himself from his wife, the plaintiff, and failed to provide her with necessary subsistence according to his means and condition in life, as alleged in the Complaint? ANSWER: Yes.
3.  Did the plaintiff offer such indignities to the person of the defendant as to render his condition intolerable and his life burdensome, as alleged in the Answer? ANSWER: No."

After inquiries into the financial circumstances of the parties, the Court entered judgment that the husband pay into Court, for the benefit of the wife, $30 per month. The defendant gave notice of appeal.

In the divorce action the jury returned this verdict:

"1.  Were the plaintiff and the defendant lawfully married as alleged in the Complaint? ANSWER: 'Yes.'
2.  Has the plaintiff been a *bona fide* resident of the State of North Carolina for more than six (6) months next preceding the bringing of this action? ANSWER: 'Yes.'
3.  Have the plaintiff and the defendant lived separate and apart continuously from each other for more than one (1) year next preceding the bringing of this action? ANSWER: 'Yes.' "

The plaintiff husband tendered judgment of absolute divorce which Judge Carr refused to sign. The plaintiff appealed.

*Sullivan & Horne by Kirby Sullivan for Husband appellant.*

*Herring, Walton, Parker & Powell by Ray H. Walton for Wife appellee.*

HIGGINS, J.  In the alimony action the evidence was in direct conflict. The jury accepted the wife's version and answered the issues in her favor. After the verdict the Court made investigation into the financial conditions of both parties, made findings of fact with respect thereto, and awarded alimony to the wife. G.S. 50-16; *Scott v. Scott,* 259 N.C. 642, 131 S.E. 2d 478; *Beeson v. Beeson,* 246 N.C. 330, 98 S.E. 2d 17. Error of law does not appear in the alimony proceeding.

In the husband's divorce action the wife interposed a plea in abatement on the ground the husband should have proceeded by cross action in the alimony suit rather than by independent action. *Cameron v. Cameron,* 235 N.C. 82, 68 S.E. 2d 796; *Lockhart v. Lockhart,* 223 N.C. 559, 27 S.E. 2d 444. The Court properly overruled the plea in abatement. By the admission of the parties, they separated on May 18, 1965. The wife instituted the alimony action on March 8, 1966. On March 25, 1966 the husband filed answer. His cause of action for divorce on the ground of one year's separation did not accrue until May 18, 1966. *Lockhart* and other cases have held that when one party sues for divorce either absolute or from bed and board, the other party may, as a cross demand, set up a cause of action for divorce. At the time the defendant filed answer in the alimony proceeding his cause of action for divorce had not accrued. Hence, he was unable to allege a cause of action for divorce. "The ordinary test for determining whether . . . the parties and causes are the same for the purpose of abatement by reason of the pendency of the prior action is this: Do the two actions present a substantial identity as to parties, subject matter, issues involved, and relief demanded?" *Cameron v. Cameron, supra.* The parties are the same. The subject matter is somewhat different. The issues involved, and the relief demanded, are different. The wife's plea in abatement in this action does not meet the test. *Whitehurst v. Hinton,* 230 N.C. 16; 51 S.E. 2d 899.

In the divorce action the jury found the issues in favor of the husband. Judge Carr refused to sign the judgment of divorce for the reason the husband, defendant, in the alimony proceeding, had given notice of his appeal from the order awarding alimony. Should the permanent alimony be vacated, a decree of absolute divorce would confront the wife in a new trial and prevent the award of alimony. In order to prevent a defeat of the alimony proceeding by such maneuver, Judge Carr refused to sign the divorce decree until the appeal is determined. The delay in signing the judgment, under the conditions and for the reasons discussed, was not error. Since we affirm the judgment awarding alimony, the husband still has his

verdict in the divorce action on the basis of which he may move for judgment in the Superior Court.

In the wife's action for alimony: No error.

In the defendant's appeal in his divorce action, there is at present no judgment which may be reviewed on appeal.