DR. W. L. McLEOD v. LEE RICHARDSON McLEOD.

(Filed 12 June 1968.)

1. **Divorce and Alimony §§ 13, 16; Abatement and Revival § 8—**

After institution by the wife of an action for alimony without divorce under G.S. 50-16, the husband instituted an action for absolute divorce on the ground of one year's separation. *Held:* The wife's plea in abatement in the husband's action is properly denied since a judgment on the merits in the wife's action will not act as a bar to the husband's action for absolute divorce.

2. **Divorce and Alimony § 16—**

Under G.S. 50-16.1 *et seq.* [effective October 1, 1967] a wife, if she is the dependent spouse, may file a cross-action in the husband's suit for absolute divorce and thereby protect her right to alimony.

3. **Venue § 8—**

A motion to remove the case to another county for the convenience of witnesses is addressed to the discretion of the trial court.

APPEAL by defendant from *McConnell, J.,* at the 29 January 1968 Civil Session of STANLY County Superior Court.

On 22 November 1966, after approximately ten months of marriage, the parties separated. There was one child of the marriage. On 28 November 1966 the wife instituted an action in Mecklenburg County under G.S. 50-16 for alimony without divorce. On 19 December 1966 the husband answered, and on 25 January 1967, an order for alimony *pendente lite* was entered.

On 24 November 1967 the husband instituted this action for absolute divorce in Stanly County on the ground of one year separation. On 29 December 1967 the wife made a motion to dismiss this action or in the alternative, to remove it to Mecklenburg County. On 24 February 1967 Judge McConnell entered an order denying the motion in its entirety. From this order the defendant wife appeals.

*Brown, Brown & Brown by Richard L. Brown, Jr. and Richard Lane Brown, III, for plaintiff appellee.*

McLeod v. McLeod.

*Sanders, Walker & London by Robert G. Sanders and Larry Thomas Black for defendant appellant.*

CAMPBELL, J.  This case has been presented to the Court by attorneys as a case which turns on whether the pendency of a prior action in Mecklenburg for alimony without divorce between the same parties abates the action in Stanley County for absolute divorce. The appellant relies on *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796. The appellee relies on *Fullwood v. Fullwood*, 270 N.C. 421, 154 S.E. 2d 473.

The *Cameron* case holds that the pendency of an action for *divorce from bed and board* on the ground of abandonment abates an action for absolute divorce. The test that determines when such a suit will abate the second action was stated in that case as follows:

> "* * * the pendency of the prior action abates the subsequent action when, and only when, these two conditions concur: (1) The plaintiff in the second action can obtain the same relief by a counterclaim or cross demand in the prior action pending against him; and (2) a judgment on the merits in favor of the opposing party in the prior action will operate as a bar to the plaintiff's prosecution of the subsequent action."

In arriving at the conclusion that in the *Cameron* case "a judgment on the merits in favor of the opposing party in the prior action will operate as a bar to the plaintiff's prosecution of the subsequent action," Judge Ervin said the wife in her prior action must prove that her husband has wilfully abandoned her. "Consequently, the wife may defeat the husband's action for an absolute divorce under G.S. 50-6 by showing as an affirmative defense that the separation of the parties has been occasioned by the act of the husband in wilfully abandoning her. * * * It follows that a judgment on the merits in favor of Mrs. Cameron in the prior action in Sampson County will operate as a bar to Cameron's prosecution of the subsequent action in New Hanover County. Such judgment will necessarily adjudicate that Cameron has wilfully abandoned Mrs. Cameron."

In the instant case, a judgment on the merits in the alimony without divorce action will not act as a bar to the action for absolute divorce on the ground of one year separation. Thus, the *Cameron* case is not controlling here.

The *Fullwood* case, *supra*, is more like the instant case in that the first pending action, there as here, was a proceeding under G.S. 50-16, namely: an action for alimony without a divorce. The Court

held in that case that the prior pending action would not abate a subsequent action for an absolute divorce on the ground of one year separation.

In the instant case, the wife contends that she will be irreparably damaged because she cannot protect her right to alimony in the absolute divorce action; and if she loses in her race to obtain her judgment in her pending action for alimony without a divorce before her husband obtains an absolute divorce, she will be deprived of her alimony. G.S. 50-16 has been amended, and the amendment became effective 1 October 1967, which was prior to the institution of the instant case in Stanly County. Under the amendment the wife, if she is the dependent spouse, may set up a cross action in the husband's suit for absolute divorce in Stanly County and, thus, protect her right to alimony without being dependent upon a race to obtain a court judgment.

The motion to move the case to Mecklenburg County for the convenience of witnesses was addressed to the discretion of the trial court. The wife has not shown any abuse of the trial court's discretion.

The wife appellant has failed to show any error in the order entered by the trial tribunal. It is

Affirmed.

BRITT and MORRIS, JJ., concur.