PRISCILLA SMITH v. ALBERT N. SMITH, JR.

No. 7319DC72

(Filed 21 February 1973)

1. **Rules of Civil Procedure §§ 41, 60— motion for involuntary dismissal prior to trial**

    A motion for involuntary dismissal pursuant to Rule 41 and Rule 60 is improperly entertained prior to a trial of the cause unless made on the specific grounds that the plaintiff has failed to prosecute or comply with the Rules of Civil Procedure or any order of the court.

2. **Rules of Civil Procedure § 7— motion for involuntary dismissal — purpose of Rule 7**

    A motion for involuntary dismissal may not be properly made pursuant to Rule 7 because that Rule merely defines the form of motions made to the court.

3. **Judgments § 45; Rules of Civil Procedure § 12— prior judgment as bar to action — motion to dismiss for failure to state claim for relief — treatment as motion for summary judgment**

    The affirmative defense of a prior judgment as a bar to the present action was properly raised by a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim for relief, and in passing upon such motion, the trial court properly considered matters off the face of the record, gave the parties reasonable opportunity to present all materials pertinent to a disposition of the case by summary judgment under Rule 56, treated the motion as one for summary judgment and disposed of the case on its merits.

4. **Divorce and Alimony § 20— action for alimony without divorce — absolute divorce as bar**

    The trial court properly dismissed the wife's action for alimony without divorce and terminated an award of alimony *pendente lite* to the wife on the ground of an absolute divorce obtained by the husband while the wife's action was awaiting a new trial as ordered by the Court of Appeals, since the judgment of absolute divorce terminated the wife's right to sue for alimony.

APPEAL by plaintiff from *Warren, Judge,* 24 July 1972 Session of District Court held in RANDOLPH County for the trial of civil actions.

The original record on appeal filed with this Court is captioned *"Priscilla Smith v. Alfred N. Smith, Jr."* All references to defendant elsewhere in the record are to Albert N. Smith, Jr. On our own motion, we had sent up by the Clerk of the Superior Court of Randolph County copies of the complaint and answer filed. The caption on the record on appeal

Smith v. Smith

appears to be the only instance where defendant is referred to as "Alfred." We, therefore, correct the caption to conform to the pleadings, summons, motions and orders entered in this cause.

This appeal arises from the dismissal of the plaintiff's action for alimony without divorce commenced on 4 December 1970. On 14 December 1970, an order was entered in the cause allowing the plaintiff alimony pendente lite and awarding her custody of and support for the minor children of the marriage. The cause came on for trial on 14 October 1971 and judgment was entered therein awarding the plaintiff permanent alimony. The defendant appealed to the Court of Appeals.

Thereafter on 15 December 1971, the defendant commenced a separate action for absolute divorce in Wake County on the ground of one year's separation, and personal service was had on the plaintiff, Priscilla Smith, defendant in that action. Judgment was entered in that action on 21 January 1972 granting an absolute divorce to the parties, plaintiff and defendant herein.

On 28 June 1972, subsequent to the judgment of divorce, the Court of Appeals filed its decision in the appeal of the alimony without divorce cause, ordering that "[f]or the reasons stated the judgment appealed from is vacated and this cause is remanded for a new trial." [See *Smith v. Smith,* 15 N.C. App. 180, 189 S.E. 2d 525 (1972).]

After the Court of Appeals had filed its opinion granting a new trial, the defendant moved in the Randolph County action "pursuant to G.S. 50-16.9 and Rules 7, 41 and 60 of the Rules of Civil Procedure . . . to terminate the order heretofore entered . . . whereby alimony pendente lite is awarded to plaintiff and to dismiss and bring to a final determination the above entitled action as to alimony. . . . " In support of his motion, defendant attached as exhibits a certified copy of the judgment entered by Judge Winborne in the Wake County divorce action, and a copy of the opinion of the Court of Appeals written and filed by Judge Britt. The defendant also prayed in his motion "[t]hat this verified motion be taken as an affidavit in support of the relief herein sought."

Upon detailed findings of fact and conclusions of law based thereon, Judge Warren in Randolph County entered a judgment

terminating the previous order allowing alimony pendente lite and dismissing the action for alimony without divorce. Plaintiff appealed to the Court of Appeals, assigning error.

*Bell, Ogburn and Redding, by Deane F. Bell, for plaintiff appellant.*

*Emanuel and Thompson, by W. Hugh Thompson, for defendant appellee.*

MORRIS, Judge.

Plaintiff assigns as error the trial court's dismissal of her action for alimony without divorce and the termination of the order entered in that action for alimony pendente lite. At the time of the entry of Judge Warren's order dismissing the permanent alimony action, the case stood at the pleading stage, awaiting a new trial as ordered by the Court of Appeals [*Smith v. Smith,* 15 N.C. App. 180, 189 S.E. 2d 525 (1972)], which had vacated the judgment for alimony without divorce previously entered in the Randolph County action.

[1]   Initially, we are confronted with the problem of whether it was procedurally permissible for Judge Warren to have entertained and allowed a motion to dismiss the cause pursuant to G.S. 1A-1, Rules 41 and 60, prior to the new trial of the cause and in the absence of any judgment of the court. Rule 6 of the General Rules of Practice for the Superior and District Courts, Supplemental to the Rules of Civil Procedure, provides in part that "[a]ll motions, written or oral, shall state the rule number or numbers under which the movant is proceeding." It is apparent from a perusal of Rule 41 and Rule 60 that a motion for involuntary dismissal pursuant to those rules, *prior to a trial of the cause,* is improperly entertained, unless made on the specific grounds that the plaintiff has failed to prosecute or comply with the rules of civil procedure or any order of the court. See G.S. 1A-1, Rule 41 (b).

[2]   In like fashion, a motion made pursuant to Rule 7 is improperly entertained by the court for the reason that Rule 7 merely defines the form of motions made to the court. Nonetheless, the plaintiff herein has raised no objections to the method of procedure utilized by the defendant, and we have elected to treat the motion as one made pursuant to G.S. 1A-1, Rule 12 (b) (6).

Smith v. Smith

G.S. 1A-1, Rule 12(b) reads as follows:

*"How presented.*—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defense may at the option of the pleader be made by motion:

(1) Lack of jurisdiction over the subject matter,

(2) Lack of jurisdiction over the person,

(3) Improper venue or division,

(4) Insufficiency of process,

(5) Insufficiency of service of process,

(6) Failure to state a claim upon which relief can be granted,

(7) Failure to join a necessary party.

A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The consequences of failure to make such a motion shall be as provided in sections (g) and (h). No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense, numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

[3] From the rule itself, it may be seen that unless the defendant was entitled to raise the affirmative defense of a prior judgment as a bar to the present action by a motion made pursuant to Rule 12(b)(1) through 12(b)(7), the defense must "be asserted in the responsive pleading thereto if one is required." The issue before us is whether the affirmative defense

of a prior judgment as a bar to the present action may be raised by a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief may be granted.

In *Florasynth Laboratories v. Goldberg,* 191 F. 2d 877 (7th Cir. 1951), we find the following statement:

> "The plaintiff also objects to the fact that the Court below dismissed the complaint on a motion to dismiss the complaint as not stating a cause of action as provided for by Rule 12(b)(6), Federal Rules of Civil Procedure, 28 U.S.C.A., instead of requiring an answer alleging the affirmative defense of *res adjudicata* as provided for by Rule 8(c) F.R.C.P.
>
> . . .
>
> The plaintiff admits 'that certain exceptions have been made to the general rule (requiring an affirmative answer pleading *res adjudicata)* and that in certain instances a motion to dismiss on the ground of *res adjudicata* may be appropriate,' but says that 'controlling factual identities for the purpose of *res adjudicata* must be clearly shown and cannot rest on mere assertion and speculation.' Here, however, we have much more than assertion and speculation. Here the defendants' motion to dismiss alleged facts, shown to be true by the Court's own records, which constituted a complete defense to the action alleged in the complaint. In *W. E. Hedger Transportation Corporation v. Ira S. Bushey & Sons,* 2 Cir., 186 F. 2d 235, 237, the court stated that in such a case, ' * * * there appears no good reason why an answer should be first required.' "

Moreover, by the provisions of Rule 12(b) itself, matters outside the pleading may be presented to the court and considered by it on a Rule 12(b)(6) motion to dismiss in which case the motion will be treated as one for summary judgment under Rule 56. At the common law, such a "speaking motion" was improper, but pursuant to Rule 12(b)(6), "speaking motions" have become permissible by statute. See 2A Moore's Federal Practice, ¶ 12.09 [2], p. 2287. Logically, no distinction should be made "between a speaking motion tending to negative plaintiff's case, and a motion raising affirmative defenses: since the motion is to be treated as one for summary judgment, there is no reason why the existence of affirmative defenses may not be shown even though not appearing on the face of

Smith v. Smith

the complaint." 2A Moore's Federal Practice, ¶ 12.09[3](4), p. 2307. See also *Larter & Sons v. Dinkler Hotels Co.,* 199 F. 2d 854 (5th Cir. 1952).

Judge Warren's order, dismissing the cause in the case at bar, recites the following findings of fact:

"3) By action numbered 71 CvD 8752, commenced in the Wake County District Court on December 15, 1971, the aforesaid Albert N. Smith, Jr. (defendant in the above entitled action), as plaintiff, filed an action for absolute divorce from the aforesaid Priscilla Smith (plaintiff in the above entitled action) ; that summons and complaint in said Wake County action were personally served on the defendant therein, said Priscilla Smith, by the Chatham County Sheriff Department on December 20, 1971; that said Wake County action came on for trial and was tried before the Honorable Samuel Pretlow Winborne, Judge Presiding, on January 21, 1972; that judgment was entered by the court on January 21, 1972, absolutely divorcing the aforesaid Albert N. Smith, Jr. and Priscilla Smith, who are the defendant and plaintiff respectively in the above entitled action; and that no appeal was or has been taken from said judgment of Judge Winborne.

. . .

5) Defendant's aforesaid verified Motion To Dismiss and attached exhibits, upon which this hearing was held and notice of said hearing at 9:30 a.m. on July 27, 1972, were served on plaintiff by mailing of the same to her attorney of record, Deane F. Bell, on July 11, 1972; and said motion, notice of hearing, and certificate of said service were filed with the Randolph County Clerk of Superior Court on July 12, 1972."

Plaintiff did not except to the aforesaid findings of fact, nor has she attempted to dispute the truthfulness of their recitals on appeal before this Court. We hold that, treating the defendant's motion to dismiss as having been made pursuant to Rule 12(b)(6), the trial court properly considered matters off the face of the record, gave the parties reasonable opportunity to present all material pertinent to a disposition of the case by summary judgment, Rule 56, and properly treated the motion as one for summary judgment, disposing of the case on its merits.

[4] We are further of the opinon that the trial judge was correct in terminating the husband's obligation for payment of subsistence pendente lite and dismissing the action for alimony without divorce, as a matter of law, since no issue of fact was raised as to the validity of the judgment of absolute divorce granted in Wake County, which had the effect of ending the plaintiff's right to sue for alimony. *Fullwood v. Fullwood,* 270 N.C. 421, 154 S.E. 2d 473 (1967); *Smith v. Smith,* 12 N.C. App. 378, 183 S.E. 2d 283 (1971); *McLeod v. McLeod,* 1 N.C. App. 396, 161 S.E. 2d 635 (1968).

The judgment appealed from is

Affirmed.

Judges CAMPBELL and HEDRICK concur.