JONAS MELVIN GARDNER v. ROSE D. GARDNER

No. 79

(Filed 24 January 1978)

1. **Divorce and Alimony § 6; Rules of Civil Procedure § 13— wife's action for divorce from bed and board—husband's action for absolute divorce—compulsory counterclaim**

    Where the wife filed an action for alimony and divorce from bed and board, claiming that the husband abandoned her, the husband's claim for divorce on the ground of one year's separation could be denominated a compulsory counterclaim, since it arose out of the same transaction or occurrence that formed the basis for the wife's abandonment claim, and the husband's claim had accrued in time for him to have filed it with his answer to his wife's complaint when that answer became due.

2. **Rules of Civil Procedure § 13— applicability to second independent action—effect on second action**

    In order to give effect to the purpose of G.S. 1A-1, Rule 13(a) once its applicability to a second independent action has been determined, this second action must on motion be either (1) dismissed with leave to file it in the former case or (2) stayed until the former case has been finally determined.

3. **Divorce and Alimony § 6; Rules of Civil Procedure § 13— counterclaims in divorce actions—Rules of Civil Procedure applicable**

    N. C. statutes dealing specifically with divorce actions do not prescribe a procedure for counterclaims different from that prescribed in G.S. 1A-1, Rule 13(a).

4. **Divorce and Alimony § 6; Rules of Civil Procedure § 13— actions between spouses—compulsory counterclaim rule—applicability**

    Any claim which is filed as an independent, separate action by one spouse during the pendency of a prior claim filed by the other spouse and which may be denominated a compulsory counterclaim under G.S. 1A-1, Rule 13(a) may not be prosecuted during the pendency of the prior action but must be dismissed with leave to file it as a counterclaim in the prior action or stayed until final judgment has been entered in that action; however, the claim will not be barred by reason of Rule 13(a) if it is filed after final judgment has been entered in the prior action.

WE allowed defendant's petition for discretionary review of the Court of Appeals' order denying her application for a writ of certiorari so that we might review the order of *Hill, J.,* entered 30 July 1976 in the District Court of JOHNSTON County, denying defendant's motion to dismiss or stay this divorce action on the ground of a prior action pending between the parties. This case was argued as No. 37, Spring Term, 1977.

*Freeman & Edwards, by George K. Freeman, Jr., and James A. Vinson III, Attorneys for Defendant Appellant.*

*Mast, Tew, Nall & Moore, P.A., by George B. Mast and W. Richard Moore, Attorneys for Plaintiff Appellee.*

EXUM, Justice.

At the outset we think it important to say that we are not inadvertent to the proposition that the Court of Appeals' denial of defendant's application for a writ of certiorari was a ruling within the discretion of that court. Normally we would not interfere with the exercise of such discretion. We determined to take this case, however, not because we thought the Court of Appeals by denying defendant's application had abused its discretion, but because we desired to address the important and novel questions relating to the applicability of the compulsory counterclaim provisions of Rule 13 of the Rules of Civil Procedure for the guidance of the bench and bar.

This action was brought by plaintiff husband for absolute divorce on the ground of one year's separation. The controversy presented by defendant wife's petition rests upon the effect of a prior action filed by her in Wayne County seeking initially alimony without divorce but later, by amendment to her complaint made after the filing of this Johnston County action, divorce from bed and board.

The sole issue properly presented for our determination is whether this action should have been dismissed or stayed on the ground that Rule 13(a) of the North Carolina Rules of Civil Procedure requires it to have been filed as a compulsory counterclaim to the wife's Wayne County action. We hold that Rule 13(a) does require dismissal or stay of this action.

These parties were married on 11 August 1957. There are no children. On 28 May 1975 the husband moved out of the marital home in Smithfield, Johnston County. On 10 May 1976 the wife went to Goldsboro, Wayne County, where she signed a lease for an apartment, registered to vote, opened a bank account, acquired a telephone listing, signed a contract for electricity, joined a church, ordered a local newspaper, and told friends of her intent to establish a permanent home in Goldsboro. On 11 May 1976 the wife moved from the marital home to an apartment in Goldsboro.

Gardner v. Gardner

On 12 May 1976 she filed a complaint in the Wayne County District Court in which she prayed for alimony without divorce on the ground, among others, that her husband had abandoned her on 28 May 1975.

At the time this case was argued before us in February, 1977, the wife's Wayne County action had proceeded as follows: On 25 May 1976 the husband moved to remove this action to Johnston County on the ground that neither party was a resident of Wayne County. This motion was denied by the Wayne County District Court, and the husband appealed the ruling to the Court of Appeals. On 16 June 1976 the husband moved to transfer the Wayne County action to Johnston County on *forum non conveniens* grounds pursuant to General Statute 1-83.[1] Also on 16 June 1976 the husband moved for an extension of time to answer. On 26 June 1976 the wife filed an amendment to her complaint by which she struck out her prayer for relief asking for alimony without divorce and substituted in lieu thereof a prayer that she be granted alimony and a divorce from bed and board. The husband had not answered the complaint.[2]

Meanwhile in Johnston County, the husband on 1 June 1976 filed an action for absolute divorce on the ground of one year's separation beginning 28 May 1975. On 29 June 1976 the wife moved in this action that it be dismissed on the ground of a prior action pending in Wayne County or, in the alternative, that it be stayed until the Wayne County action could be determined. This motion was denied. The correctness of this denial is, essentially, the question for review. On 27 August 1976 the wife filed an answer to her husband's action in which she denied the separation and characterized the husband's action on 28 May 1975 as an abandonment. She further filed a counterclaim against the husband seeking alimony without divorce on the same grounds which she had earlier asserted in her Wayne County action.

---

1. "G.S. 1-83. *Change of Venue.*

. . . .

The court may change the place of trial in the following cases:

. . . .

(2) When the convenience of witnesses and the ends of justice would be promoted by the change."

2. We note that the Court of Appeals in an unpublished opinion filed 7 September 1977, 34 N.C. App. 165, 237 S.E. 2d 357, affirmed the denial of the husband's motion to remove and this action has now proceeded to judgment in favor of the wife entered on 21 October 1977 in Wayne District Court. Defendant has given notice of appeal.

Gardner v. Gardner

The wife's sole contention is that the husband's action for absolute divorce is a compulsory counterclaim within the meaning of Rule 13(a).[3] As such, she says, it must be filed if at all as a counterclaim in her Wayne County action. The husband, on the other hand, relying on the legislative and judicial history of our divorce laws, features which distinguish matrimonial disputes from other kinds of. civil actions, and a policy which favors maintaining within reason the marital relationship, contends that Rule 13(a) should have no application to his action for absolute divorce.

Similar factual circumstances in matrimonial disputes have been the subject of appellate decision in North Carolina, but the doctrine of abatement rather than the compulsory counterclaim rule was the basis for decision in these cases. *Fullwood v. Fullwood*, 270 N.C. 421, 154 S.E. 2d 473 (1967); *Beeson v. Beeson*, 246 N.C. 330, 98 S.E. 2d 17 (1957); *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796 (1952); *Cook v. Cook*, 159 N.C. 46, 74 S.E. 639 (1912); *McLeod v. McLeod*, 1 N.C. App. 396, 161 S.E. 2d 635 (1968).[4]

The wife here, though, taking the position that Rule 7(c) has abolished pleas in abatement and that the substantive law of abatement is thereby rendered useless,[5] has abandoned in her

---

3. "G.S. 1A-1, Rule 13(a) *Compulsory counterclaims.* — A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if

(1) At the time the action was commenced the claim was the subject of another pending action, or

(2) The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule."

4. *Beeson, Cameron, Cook,* and *McLeod* may all be reconciled. The abatement rule applied in the well-considered *Cameron* decision was that a prior pending action in a matrimonial dispute will abate a subsequent action between the parties only if: (1) the plaintiff in the second action can obtain the same relief by counterclaim in the first action; and (2) a judgment in the first action in favor of the plaintiff therein, under *res judicata* principles, will bar the prosecution of the subsequent action. A majority of this Court in *Cook* and the Court of Appeals in *McLeod*, concluding that there would be no such bar of the second action, found no abatement. *Beeson*, concluding that the subsequent action could not be filed as a counterclaim in the first, found no abatement. There is language in *Fullwood* which seems to run counter to the common rule. The language, however, relies on an abatement rule which had been expressly rejected in *Cameron*. The language, furthermore, was not necessary for decision in that case. These factors weaken it as authority for the proposition it addressed.

5. While the question is not before us, we note that the abolition of the *form* of a plea in abatement by Rule 7(c) may not necessitate the conclusion that the substantive law governing abatement is abrogated. "[U]nder Rule 12(b), every defense, including a defense in the nature of the old plea in abatement, may be raised by responsive pleading." *Lehrer v. Manufacturing Co.,* 13 N.C. App. 412, 414, 185 S.E. 2d 727, 729 (1972). A motion to abate has been held equivalent to a motion to dismiss. *Harding v. Harding,* 366 P. 2d 128 (Alaska 1961); *see also* the comment pertinent to Rule 7(c), 1A General Statutes of North Carolina 598 (1969).

brief all reliance on abatement and rests her argument entirely on Rule 13(a).

The question, then, for decision is whether the compulsory counterclaim provisions of Rule 13(a) require a dismissal or stay of the husband's action. The answer depends on the answers we give to several other questions. First, may the husband's action be denominated a compulsory counterclaim, that is, did it arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim" and had it accrued at the time the answer was served?[6] Second, if it may be so denominated does Rule 13(a) require dismissal or stay? Third, does Rule 13(a) so contravene other statutes or public policy that it should be held inapplicable to divorce actions?

[1] We are satisfied the husband's claim for divorce may be denominated a compulsory counterclaim. It arises out of the same transaction or occurrence that forms the basis for the wife's abandonment claim. The wife contends the husband abandoned her 28 May 1975. The husband contends his leaving was a separation entitling him to a divorce. Although when this case was argued the husband had not filed an answer, his claim had accrued in time for him to have filed it with his answer when the answer became due.

Once a claim has been denominated a compulsory counterclaim under Rule 13(a), the question what must be done with it if it is filed as a subsequent, independent claim is not answered by the rule itself. Our old counterclaim cases prior to the adoption of Rule 13(a) are of no help. Before the adoption of Rule 13(a) and leaving aside *res judicata* considerations, the concept of a *compulsory* counterclaim was unknown to our civil practice. The questions under the old counterclaim provisions centered around whether the counterclaim was permitted rather than compulsory. See G.S. 1-137 and annots. thereunder (1A General Statutes, Recompiled 1953). If the counterclaim was permitted, the defendant could elect whether to plead it as such or bring an independent action. 1 McIntosh, N.C. Practice & Procedure § 1243, p. 694 (2d Ed. 1956). The purpose of Rule 13(a), making certain counterclaims compulsory, is to enable one court to resolve "all related claims in one action, thereby avoiding a

---

6. Other qualifications stated in Rule 13(a) are clearly inapplicable.

wasteful multiplicity of litigation . . . ." Wright and Miller, Federal Practice and Procedure § 1409, p. 37 (1971). *See also id.,* § 1418, p. 103. Federal courts have sometimes dismissed the second claim, *U.S. v. Eastport S.S. Corp.,* 255 F. 2d 795 (2d Cir. 1958); *Jepco Corp. v. Greene,* 171 F. Supp. 66 (D.C.N.Y. 1959); *E. J. Korvette Co. v. Parker Pen Co.,* 17 F.R.D. 267 (D.C.N.Y. 1955); and, in other cases, simply stayed it, *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F. 2d 1197 (2d Cir. 1970); *Leonard F. Fellman Co. v. Smith-Corona Marchant Inc.,* 27 F.R.D. 263 (D.C. Pa. 1961).

[2] We hold, therefore, that in order to give effect to the purpose of Rule 13(a) once its applicability to a second independent action has been determined, this second action must on motion be either (1) dismissed with leave to file it in the former case or (2) stayed until the former case has been finally determined.

Having then determined that the husband's claim for divorce may be denominated a compulsory counterclaim and that if Rule 13(a) is applicable it must be either dismissed or stayed, we turn to whether we should decline to apply Rule 13(a) to an action for divorce because of provisions in other statutes governing these disputes.

[3] Rule 1 of the Rules of Civil Procedure provides: "These rules shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings *of a civil nature* except where a differing procedure is prescribed by statute." (Emphasis supplied.) Certainly divorce actions are "of a civil nature." The question is whether our statutes dealing specifically with divorce actions prescribe a procedure for counterclaims different from that prescribed in Rule 13(a). We conclude they do not.

Our statutes dealing with marital disputes seem to indicate a legislative desire that proceedings in matrimonial disputes shall be conducted as in other civil actions unless there is some express statutory provision otherwise. General Statute 50-8 provides: "In all actions for divorce the complaint shall be verified in accordance with the provisions of Rule 11 of the Rules of Civil Procedure and G.S. 1-148." General Statute 50-13.5 provides: "The procedure in actions for custody and support of minor children shall be as in civil actions, except as herein provided" and "[a]n action brought under the provisions of this section may be main-

tained . . . (1) [a]s a civil action." General Statute 50-16.8 provides: "The procedure in actions for alimony and actions for alimony pendente lite shall be as in other civil actions except as provided in this section." This last section then provides that actions for alimony may be filed as counterclaims in divorce proceedings and actions for divorce may be filed as counterclaims in alimony without divorce proceedings.

While provisions in General Statute 50-16.8 speak in terms of permissive counterclaims, the provisions are direct descendants of earlier statutes which long predated the adoption of Rule 13(a). These earlier versions of General Statute 50-16.8 were interpreted to preclude counterclaims for alimony in actions for divorce and to require that such claims be brought in separate actions. *Shore v. Shore*, 220 N.C. 802, 18 S.E. 2d 353 (1942); *Silver v. Silver*, 220 N.C. 191, 16 S.E. 2d 834 (1941). General Statute 50-16 was then amended by Chapter 814, 1955 Session Laws, so as to permit the wife to counterclaim for alimony without divorce in her husband's suit for absolute divorce *and* to permit the husband to counterclaim for absolute divorce in an action brought by his wife for alimony without divorce. General Statute 50-16.8 simply continued to permit these kinds of counterclaims in keeping with its earlier version.

These statutes, then, speaking to a court-made rule which precluded certain kinds of counterclaims, made these claims permissive. Rule 13(a), speaking to civil actions generally, made certain of these counterclaims mandatory. There is no conflict between the statutes and Rule 13(a). Rather Rule 13(a) superimposes an additional characteristic on certain kinds of counterclaims. Progressing toward the avoidance of multiplicity of actions and a more efficient use of the time of courts and litigants, the law in this area has steadily evolved from a rule which precluded the counterclaim altogether, to one which permitted it at the election of the pleader, and finally to the present rule which, in certain but not in all instances, requires it to be pleaded, if at all, as a counterclaim.

The last consideration, then, is whether Rule 13(a) if applied to divorce actions contravenes the policy of the law favoring the maintenance of the marital relationship. The argument that it does is based on an effect of Rule 13(a) which we have not as yet addressed. Again the rule itself does not prescribe this effect.

Courts have, however, consistently held that a party who does not plead a compulsory counterclaim is, after determination of the action in which it should have been pleaded, forever barred from bringing a later independent action on that claim. Wright and Miller, *supra*, § 1417, p. 94. The cited text says: "Although this result is well-established by the cases, and a contrary result would destroy the effectiveness of Rule 13(a), it is not clear precisely on what authority it is based." Apparently various doctrines have been invoked to reach this desirable result. According to the cited text these doctrines have been, variously, *res judicata*, waiver, and estoppel. In *Lawhorn v. Atlantic Refining Co.*, 299 F. 2d 353 (5th Cir. 1962), however, the court held that a defendant who successfully moved to dismiss a complaint for failure to state a claim for relief was not thereafter barred from bringing an independent action against the former plaintiff on a claim arising out of the transaction that formed the basis for the former plaintiff's claim. The court said that since the motion was not a pleading, the case had never reached the point at which the compulsory counterclaim rule became operative. It said further, 299 F. 2d at 357:

"If one hauled into court as a defendant has a claim but the adversary plaintiff has not, the nominal defendant ought to be allowed to name the time and place to assert it. . . . *It is one thing to concentrate related litigation once it is properly precipitated.* It is quite another thing for the rules to compel the institution of litigation." (Emphasis supplied.)

At least one court has applied Rule 13(a) so as to bar an action for absolute divorce on the ground that the action should have been filed as a counterclaim to an earlier *unsuccessful* suit for divorce filed by the other spouse. *Stolar v. Stolar*, 359 A. 2d 597 (D.C. App. 1976).

A contrary result was reached in *Moats v. Moats*, 168 Colo. 120, 450 P. 2d 64 (1969). In that case the wife first filed action for and was awarded a decree of separate maintenance. The husband later filed action for absolute divorce. The wife moved to dismiss the second suit on the ground that Rule 13(a) required it to have been brought, if at all, as a compulsory counterclaim in her earlier completed action. The Colorado court held that the divorce action was not barred. It rested its decision primarily on a Colorado

statute which provided that a decree granting separate maintenance "shall not bar either party from 'subsequently' bringing and maintaining an action for divorce." It added, however, "the policy of the law is to support and maintain the marriage wherever it is reasonable to do so. The husband should not be penalized because he did not ask for a divorce at the first opportunity." 168 Colo. at 125, 450 P. 2d at 66. Furthermore, in *Moats* the husband's divorce action was grounded on mental cruelty which allegedly occurred prior to the decree for separate maintenance granted to the wife. The wife's action for separate maintenance was also grounded on mental cruelty. The Colorado court noted that the doctrine of recrimination no longer applied in Colorado and that since both parties could have been guilty of mental cruelty a decree in favor of the wife was no bar to the husband's divorce action.

In *State ex rel Fawkes v. Bland,* 357 Mo. 634, 210 S.W. 2d 31 (1948), the husband brought suit against the wife for absolute divorce and the wife counterclaimed for separate maintenance and for custody of the child. The question before the court was whether the wife was permitted to file her counterclaim under statutes governing such procedure in Missouri. The trial court held that she was. The Missouri Court of Appeals held that she was not only permitted to file it but was compelled to file it under a compulsory counterclaim provision in a rule relating to civil proceedings generally. The Supreme Court disagreed with the latter conclusion of the Court of Appeals. Noting that Missouri's divorce statutes treated such counterclaims as permissive, it held that the compulsory counterclaim provisions of the Civil Procedure Code would not be construed to make them mandatory. The Court said, 357 Mo. at 645, 210 S.W. 2d at 36:

"That right is more substantive than procedural; it can hardly be thought that the new Code intended to *compel* the innocent and injured defendant in such a suit to file a cross-action for divorce and seek to sever the marital relation, or else waive the right altogether (on the same grounds)." (Emphasis supplied.)

We recognize and adhere in this state to a policy which within reason favors maintenance of the marriage. This policy militates against the application of any procedural rule which

forces a spouse to file an action for absolute divorce or any action which tends to sever the marital relation before that spouse is really desirous of pursuing such a course.

But giving effect to Rule 13(a) here so as to require dismissal or stay of the husband's suit would not have such an effect. The husband has *already filed* his action. The question is simply whether he can prosecute it as a separate suit in face of the provisions of Rule 13(a). To hold that he cannot does not contravene the policy favoring maintenance of marriages and is in keeping with the salutary procedural principle that litigation once precipitated ought to be concentrated insofar as practicable in one forum.

[4] We determine, then, to apply Rule 13(a) to marital disputes as follows: Any claim which is filed as an independent, separate action by one spouse during the pendency of a prior claim filed by the other spouse and which may be denominated a compulsory counterclaim under Rule 13(a), may not be prosecuted during the pendency of the prior action but must be dismissed with leave to file it as a counterclaim in the prior action or stayed until final judgment has been entered in that action. The claim, however, will not be barred *by reason of Rule 13(a)*[7] if it is filed after final judgment has been entered in the prior action. Had the husband here, for example, filed his divorce action after final judgment had been entered in his wife's action, we would follow the rationale and result reached in *Moats v. Moats, supra*; and we would not, for strong reasons of public policy, apply Rule 13(a) so as to bar his action.

We hold, then, for the reasons given, that it was error for the Johnston County District Court to deny the wife's motion to dismiss the husband's action or stay it until her case in Wayne County can be finally determined. The case is therefore remanded to the Court of Appeals in order that it may be further remanded to the Johnston County District Court for further proceedings in conformity with this opinion.

Error and remanded.

---

7. Other well established doctrines, *e.g.*, *res judicata*, may, of course, operate to bar the subsequent action.